**W.A. MONCRIEF, Jr., et al.,**
**Appellants,**

v.

**M.J. HARVEY, Jr., Appellee.**

**No. 05–90–01116–CV.**

Court of Appeals of Texas,
Dallas.

Feb. 11, 1991.

Phillip R. Bishop, Michael Kaitcer, Fort Worth, for appellants.

William L. Banowsky, Dallas, Luke Ashley, Laurie Kratky Doré, Austin, for appellee.

Before ENOCH, C.J., and LAGARDE and BURNETT, JJ.

## OPINION

LAGARDE, Justice.

The Court questioned whether this appeal from a proceeding to enforce two foreign judgments was timely perfected. We asked the parties to brief the question. For the reasons given below, we conclude that the appeal was in fact timely perfected and we assert jurisdiction over it.

Appellee M.J. Harvey, Jr., obtained two judgments in Wyoming against appellants W.A. Moncrief, Jr., Richard W. Moncrief, and Charles B. Moncrief (collectively "Moncrief"). The two judgments arose from the severance of a single cause. On May 17,

1990, Harvey filed his judgments, along with notices of their filing, with the district clerk of Dallas County, pursuant to section 35.003 of the Texas Civil Practice and Remedies Code.[1] *See* TEX.CIV.PRAC. & REM.CODE ANN. § 35.003 et seq. (Vernon 1986). One was docketed in the 68th Judicial District Court, and the other was docketed in the 160th Judicial District Court.

On June 5, Moncrief filed a motion to stay enforcement of judgment in both courts.[2] The motions asked the trial courts to suspend execution on the judgments pending disposition of Moncrief's appeals in the Wyoming judicial system.[3] On June 20, Harvey filed amended notices of the filing of the Wyoming judgments in both courts.

On July 31, the 160th Court signed an order captioned "order vacating judgment."[4] Despite its caption, the substance of the order was to strike Harvey's May 17 filing. The order expressly left the June 20 filing intact. On August 10, the 68th Court followed suit, with an order, also captioned "order vacating judgment," nearly identical in substance to the 160th Court's order. Also on August 10, the 68th Court signed an order consolidating both actions. On September 13, Moncrief attempted to appeal the consolidated proceeding in the 68th Court by making a cash deposit in lieu of cost bond.

We have remarked before that the absence of express statutory procedures for defending against a foreign judgment filed in a Texas court often leaves the judgment debtor in a "procedural quandary." *Myers v. Ribble*, 796 S.W.2d 222, 225 n. 3 (Tex.

App.—Dallas 1990, no writ). A judgment creditor has the right to bring an action to enforce a judgment. TEX.CIV.PRAC. & REM. CODE ANN. § 35.008 (Vernon 1986). When he does so, his petition as plaintiff initiates the action; the judgment debtor, as defendant, can assert his defenses; and a judgment results. *See Myers*, 796 S.W.2d at 223 (a judgment creditor filed a petition, which resulted in a subsequent court order). A losing party can appeal just as in any other case. When a judgment creditor chooses to proceed under section 35.003, however, the filing of a foreign judgment partakes of the nature of both a plaintiff's original petition and a final judgment: the filing initiates the enforcement proceeding, but it also instantly creates a Texas judgment that is enforceable. In a section 35.-003 proceeding, a judgment creditor could file a foreign judgment and thereafter obtain a writ of execution without the trial judge's ever being aware of it. *See* TEX. CIV.PRAC. & REM.CODE ANN. § 35.003(b) (Vernon 1986) (the trial court clerk shall treat the filed judgment in the same manner as a judgment of the trial court). The judgment debtor is statutorily empowered with the same defenses and proceedings for reopening, vacating, or staying a filed judgment. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 35.003(c) (Vernon 1986).

It is small consolation, however, to have defenses or proceedings without any window of time in which to assert them. Yet we must presume that, in enacting section 35.003(c), the Legislature intended a just and reasonable result. *See State v. City of Greenville*, 726 S.W.2d 162, 170

---

1. All further references to section 35.003 are to the Texas Civil Practice and Remedies Code.

2. The motions were filed subject to motions to transfer venue, but our record does not show what action, if any, was taken upon the venue motions. Along with the motions to stay enforcement, Moncrief filed motions requesting the Texas courts to vacate the Wyoming judgments. But a Texas court cannot vacate the judgment of a court of another state. *Compare Gannon v. Payne*, 706 S.W.2d 304, 306–07 (Tex. 1986) (no state can demand that its laws have effect beyond the limits of its sovereignty, and a court cannot be compelled to recognize an injunction issued by a foreign court). Therefore,

Moncrief's motions requesting the trial courts to vacate the Wyoming judgments are in effect nullities, requesting from the trial courts what they could not have done. We do not consider them further.

3. Moncrief subsequently amended all the previously filed motions. There appears to be no dispute that these amended motions have no effect on the appellate timetable, and they will not be discussed further.

4. The order was signed by the Honorable Gary Hall, judge of the 68th Judicial District Court, sitting for the 160th Judicial District Court.

(Tex.App.—Dallas 1986, writ ref'd n.r.e.) (op. on reh'g). Therefore, because filing a foreign judgment has the effect of initiating an enforcement proceeding and entering a final Texas judgment simultaneously, the Legislature must have intended to empower the judgment debtor with all those defenses and proceedings for reopening, vacating, or staying a judgment that any judgment debtor can bring postjudgment. We can analogize the debtor's position in a 35.003 proceeding to the position of one who has suffered a no-answer default judgment: there may not have been any opportunity for such a debtor to have defended against the judgment in a trial, but he is not cut off from any postjudgment procedures for attacking the judgment.

### 1. Effect of a motion to stay enforcement

The first step for a judgment debtor to attack a judgment in place is to file a motion for new trial. We have held that any motion, filed postjudgment, that seeks a substantive change in that judgment operates as a motion for new trial. *See Brazos Elec. Power Coop. v. Callejo*, 734 S.W.2d 126, 129 (Tex.App.—Dallas 1987, no writ), *op. on merits*, 745 S.W.2d 70 (Tex. App.—Dallas), *rev'd on other grounds*, 755 S.W.2d 73 (Tex.1988).[5] Harvey argues that, because a motion to reopen, vacate, or stay a judgment is not a motion that seeks a substantive change in the judgment, it cannot operate as a motion for new trial. The gravamen of his argument is that Moncrief's motions did not affect the judgments themselves; they asked only that the trial courts suspend execution of the judgments. Harvey characterizes the motions more as motions to supersede the judgments under rule 47 of the Texas Rules of Appellate Procedure. We disagree.

Any attempt by Moncrief to ask for a new trial from a Texas court, when the original trial was conducted in a Wyoming court, would be ineffective. *See* n. 2, *supra*. But Harvey's purpose in initiating the proceeding in Texas was not to have his rights adjudicated; he had already had them adjudicated in Wyoming. Harvey asked only that his judgments be enforced in Texas. When Moncrief asked the Texas courts to stay execution of the judgments, he was asking them to undo everything that Harvey had accomplished by filing the judgments in Texas. We conclude that any motion to contest the recognition of a foreign judgment, filed within thirty days after the filing of the foreign judgment, operates as a motion for new trial in the context of a section 35.003 proceeding.

In support of this conclusion, we note that a judgment debtor is statutorily permitted to contest the recognition of the judgment of a foreign country[6] by filing a motion to contest it within the same time for filing a motion for new trial, thirty days after the filing of the judgment. *See* TEX. CIV.PRAC. & REM.CODE ANN. § 36.0044(a) (Vernon Supp.1991). There are also sound policy reasons for treating a motion to contest recognition of a filed judgment as a motion for new trial. If it is not possible to file the equivalent of a motion for new trial in a section 35.003 proceeding, then any appeal from the filing of that judgment would have to be perfected within thirty days of the filing. *See* TEX.R.APP.P. 41(a)(1). But a judgment debtor must present any complaint about the foreign

---

5. The question in our first *Brazos Electric* opinion was whether the appeal was timely perfected, which was why we had to address whether a certain motion could serve as a motion for new trial. *See* 734 S.W.2d at 127. In its opinion on the case, the Supreme Court did not explicitly address the question, nor did it state whether it agreed with our characterization of the motion in question as a motion for new trial. We do note, however, that on application for writ of error from our opinion on the merits, the Supreme Court asserted jurisdiction and did not hold that we had lacked jurisdiction.

6. Chapter 35 of the Texas Civil Practice and Remedies Code concerns judgments of foreign states, and chapter 36 of that code concerns judgments of foreign countries. The two types of judgments are necessarily treated differently, because judgments of foreign countries are not automatically entitled to full faith and credit. We perceive no reason, however, why the procedures and deadlines for attacking the recognition of the two types of judgments should differ.

judgment's filing to the trial court: if he does not, he runs the serious risk of having waived the complaint on appeal. *See Myers,* 796 S.W.2d at 224. *But see Wilson v. Dunn,* 800 S.W.2d 833, 837, 837 n. 9 (1990) (discussing whether any error except those specified in TEX.R.CIV.P. 324(b) must be presented in a motion for new trial following a default judgment in order to preserve the error). Yet the primary purpose of a motion for new trial is not to preserve error for appeal; it is to give the trial judge the opportunity to cure any errors by granting a new trial. *Townsend v. Collard,* 575 S.W.2d 422, 423 (Tex.Civ.App.—Fort Worth 1978, no writ). But to compel a judgment debtor to perfect an appeal invariably within thirty days of the filing of the judgment minimizes the trial court's opportunity to review the debtor's motion to contest recognition, unless the trial court has the same extended period of time to review a motion to contest recognition as it would have to review a motion for new trial in an ordinary case. Indeed, until the judgment debtor presses to have his motion to contest recognition heard, the trial judge is probably not even aware that the foreign judgment has been filed. The only alternative would be to compel a judgment debtor to file a motion for new trial formally complying with rule 320 of the Texas Rules of Civil Procedure, which, as we have said, would be to require the debtor to file a useless motion that could not possibly be granted. We hold, therefore, that Moncrief's motions to stay enforcement of the Wyoming judgments were effective as motions for new trial.

### 2. The start of the appellate timetable

We have held that the appellate timetable starts from the date on which the foreign judgment creditor files the foreign judgment in a Texas court. *See Jack H. Brown & Co. v. Northwest Sign Co.,* 665 S.W.2d 219, 222 (Tex.App.—Dallas), *op. on merits,* 677 S.W.2d 135 (Tex.App.—Dallas), *rev'd per curiam on other grounds,* 680

S.W.2d 808 (Tex.1984). Therefore, the appellate timetable started in this case on May 17, when Harvey originally filed his Wyoming judgments. However, for reasons not entirely clear from the record, on June 20 Harvey filed amended notices of the filing of the Wyoming judgments. Subsequently, the trial courts each signed an order vacating (or striking) the May 17 filings. We must now address the effect of these later events on the appellate timetable.

We have already said that the filing of a foreign judgment in a Texas court partakes simultaneously of the natures of an original petition and a final judgment. An amended petition supersedes a prior petition. *Bader v. Cox,* 701 S.W.2d 677, 685 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). On the other hand, after a final judgment has been entered in a cause, the entry of a second final judgment in the same case does not vacate the first, and if there is nothing to show that the first is vacated, then the second is a nullity. *Hammett v. Lee,* 730 S.W.2d 350, 351 (Tex.App.—Dallas 1987, writ dism'd w.o.j.). In this case, however, it is not necessary for us to decide whether Harvey could unilaterally supersede the original filings by his amended filings. Assuming that the May 17 filings constituted "judgments" that had to be expressly vacated by written order, Moncrief filed motions to contest the recognition of the Wyoming judgments on June 5, within thirty days of that date. Having held that the motions to contest recognition operated as a motion for new trial in an ordinary case, we conclude that the motions extended the trial courts' plenary jurisdiction until thirty days after the motions were overruled. *See* TEX.R.CIV.P. 329b(e). The record does not show that the motions were ever overruled by express written order;[7] therefore, to the extent that they assail the May 17 filings, they would have been overruled by operation of law on July 31. *See* TEX.R.CIV.P. 329b(c). The two trial courts

---

**7.** The orders "vacating" the May 17 filings expressly left Harvey's June 20 amended notices intact. The orders were not in any way responsive to Moncrief's motions to contest recognition of the Wyoming judgments. The orders appear to be merely bookkeeping orders, designed solely to clarify which two of Harvey's four notices were the legally effective ones.

retained plenary power to vacate the May 17 filings until thirty days after the date they were overruled by operation of law, or until August 30. *See* TEX.R.CIV.P. 329b(e). Therefore, when the 160th Court entered its order on August 10 vacating the May 17 filing, and the 68th Court did likewise on that same date, both courts were acting within their period of plenary jurisdiction to do so.

We emphasize that we are not holding today that the amended notices of the Wyoming judgments' filings were ineffective, standing alone, to supersede the prior filings. Nor are we holding that, when a foreign judgment is filed in a section 35.003 proceeding and thereafter an amended notice is filed, the judgment debtor must necessarily obtain a timely court order vacating the earlier filing. Nor do we even say that "vacating" the earlier filing is more appropriate than simply "striking" it, if any court action at all is required. We simply observe that, in this case, the trial courts did enter orders within their plenary jurisdiction and that the effect of those orders was clearly to render the May 17 filings nullities, if the amended notices had not already done so. Therefore, we conclude that the appellate timetable in this case restarted on June 20, the date on which Harvey filed his amended notices.

### 3. The deadline for perfecting the appeal

 As mentioned earlier, Moncrief's motions to contest recognition of the Wyoming judgments remained undisposed of at the time that Harvey filed his amended notices. The motions substantively complain about the entry of the Wyoming judgments, asserting, among other things, that the Wyoming court lacked jurisdiction to enter judgments against Moncrief. Therefore, Moncrief's motions to contest recognition are as effective in assailing the June 20 amended filings as they were in assailing the May 17 original filings. Consequently, applying the rules applicable to motions for new trial generally, we characterize Moncrief's motions as prematurely filed motions. *See* TEX.R.CIV.P. 306c; *Johnson v. Tom Thumb Stores, Inc.*, 771

S.W.2d 582, 585–86 (Tex.App.—Dallas 1989, writ denied).

We conclude that the appellate timetable started running on June 20 because the trial courts, whether they were required to do so or not, did enter timely orders making Harvey's original May 17 notices ineffective. Because Moncrief's motions to contest recognition of the Wyoming judgments operate like prematurely filed motions for new trial, the time to perfect this appeal expired ninety days after June 20, or on September 18. *See* TEX.R.APP.P. 41(a)(1). The cash deposit in lieu of cost bond made on September 13 was therefore timely.

Accordingly, we assert jurisdiction over this appeal.