NO. 07-02-0380-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 15, 2002

_____

CINDY HILL,

Appellant

v.

LUBBOCK NATIONAL BANK,

Appellee

_____

FROM THE COUNTY COURT OF LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2002-592,850; HON. DRUE FARMER, PRESIDING

_____

Before QUINN and REAVIS JJ., and BOYD, SJ.[1]

Appellee Lubbock National Bank (the Bank) obtained a final judgment against appellant Cindy Hill (Hill) in Florida. On March 20, 2002, the Bank filed the judgment in Lubbock County pursuant to the Uniform Enforcement of Foreign Judgments Act (UEJA). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§35.001-35.008 (Vernon 1997). Hill filed a motion to void the judgment on April 19, 2002, and it was overruled by operation of law on June

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2002).

3, 2002.[2]  Hill then filed a motion for new trial on July 11, 2002, which was denied by order dated August 9, 2002.  Notice of appeal was filed on September 9, 2002.  The Bank has now filed a motion to dismiss asserting that the notice of appeal was not timely filed.

When a foreign judgment is filed in Texas under the UEJA, it becomes a final, appealable judgment on the date of filing.  *Walnut Equipment Leasing Co., Inc. v. Wu,* 920 S.W.2d 285, 286 (Tex. 1996).  A notice of appeal must then be filed within 90 days after the judgment is filed if a party timely asserts a motion for new trial.  *See* TEX. R. APP. P. 26.1(a).  Any motion to contest recognition of a foreign judgment filed within 30 days after the filing of the foreign judgment operates as a motion for new trial.  *See Moncrief v. Harvey,* 805 S.W.2d 20, 23 (Tex. App.—Dallas 1991, no writ).  Therefore, Hill's notice of appeal was due to be filed on June 18, 2002, but was not filed until September 9, 2002.  Furthermore, a timely motion to extend the deadline did not accompany or precede the notice.

The notice of appeal being untimely, we have no jurisdiction to consider this matter.  Consequently, it is dismissed for want of jurisdiction.

Brian Quinn
Justice

Do not publish.

---

[2]On June 11, 2002, the trial court also entered an order denying the motion to void the judgment.