NO. 07-02-0220-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D
 


MAY 7, 2003


______________________________



LIBERTY MUTUAL INSURANCE COMPANY AND


COLONIAL COUNTY MUTUAL INSURANCE COMPANY,




 Appellants


v.



OLD AMERICAN COUNTY MUTUAL FIRE INSURANCE COMPANY, 




 Appellee




_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 86,292-B; HON. JOHN B. BOARD, PRESIDING 


 _______________________________


Before QUINN, REAVIS, and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellants Liberty Mutual Insurance Company and Colonial County Mutual
Insurance Company and appellee Old American County Mutual Fire Insurance Company,
by and through their attorneys, have filed a joint motion to dismiss this appeal with
prejudice because they no longer desire to prosecute it. Without passing on the merits of
the case, we grant the motion to dismiss pursuant to Texas Rule of Appellate Procedure
42.1(a)(2) and dismiss the appeal with prejudice. Having dismissed the appeal at the
parties' request, no motion for rehearing will be entertained, and our mandate will issue
forthwith.

 Brian Quinn

 Justice



is filed in Texas under the UEJA, it becomes a final,
appealable judgment on the date of filing. Walnut Equipment Leasing Co., Inc. v. Wu, 920
S.W.2d 285, 286 (Tex. 1996). A notice of appeal must then be filed within 90 days after
the judgment is filed if a party timely asserts a motion for new trial. See Tex. R. App. P.
26.1(a). Any motion to contest recognition of a foreign judgment filed within 30 days after
the filing of the foreign judgment operates as a motion for new trial. See Moncrief v.
Harvey, 805 S.W.2d 20, 23 (Tex. App.--Dallas 1991, no writ). Therefore, Hill's notice of
appeal was due to be filed on June 18, 2002, but was not filed until September 9, 2002. 
Furthermore, a timely motion to extend the deadline did not accompany or precede the
notice. 

 The notice of appeal being untimely, we have no jurisdiction to consider this matter. 
Consequently, it is dismissed for want of jurisdiction. 

 

 Brian Quinn

 Justice


Do not publish.

 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2002). 
2. On June 11, 2002, the trial court also entered an order denying the motion to void the judgment.