COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

E. TODD TRACY,                                                )

                                                                              )               No.  08-02-00273-CV

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )            
County Court at Law #5

TOP DRAWER MEDICAL ART,
INC.,               )

                                                                              )            
of Dallas County, Texas

Appellee.                           )

                                                                              )           
  (TC# CC-01-09063-E)

                                                                              )

 

 

MEMORANDUM  OPINION

 

This case involves
a suit to enforce a foreign judgment filed in Texas under the Uniform
Enforcement of Foreign Judgments Act (UEFJA). 
Appellant E. Todd Tracy raises two issues on appeal, in which he
contends the trial court erred in giving full faith and credit to the foreign
judgment because it was void for lack of personal jurisdiction and asserts that
he should not be limited to the procedural requirements set forth for a motion
for new trial.  We affirm.

PROCEDURAL
BACKGROUND








Appellee Top Drawer Medical Art, Inc. (ATop Drawer@)
sued Mr. Tracy in a Wisconsin court alleging a breach of contract claim.  Mr. Tracy filed a motion to dismiss for lack
of personal jurisdiction and a verified original answer and counterclaim
subject to his motion to dismiss.  On
June 6, 2001, the Wisconsin court rendered a default judgment against Mr. Tracy
in the amount of $5,159.83.  On June 19,
2001, Mr. Tracy filed a motion for new trial, asserting he had no written
notice of the hearing in the case.  The
Wisconsin court evidently denied that motion. 


On August 22,
2001, Top Drawer domesticated the Wisconsin judgment in Texas by filing a
notice and an authenticated copy of the judgment in the County Court at Law No.
5 of Dallas County Texas.  On September
18, 2001, Mr. Tracy filed a motion for non-recognition of the foreign judgment,
asserting that the Wisconsin judgment was void for lack of personal
jurisdiction.  The trial court conducted
a hearing on Mr. Tracy=s
motion on April 26, 2002.  On May 10,
2002, the trial court signed an order granting Mr. Tracy=s
motion for non-recognition of foreign judgment and his motion for new trial.[1]  In response, Top Drawer filed a motion for
reconsideration in which it argued that pursuant to Texas Rule of Civil
Procedure 329b(c), the trial court had lost its plenary power jurisdiction over
this matter prior to the April hearing. 
On May 24, 2002, the trial court granted Top Drawer=s motion for reconsideration, which
requested denial of Mr. Tracy=s
motion for non-recognition.  Mr. Tracy
now appeals the trial court=s
enforcement of the foreign judgment.

DISCUSSION








A final judgment
of a sister state must be given the same force and effect to which the judgment
would be entitled in the state in which it was rendered.  U.S. Const. art. IV, ' 1.  In Texas, enforcement of foreign judgments is
governed by the Uniform Enforcement of Foreign Judgments Act (UEFJA) as adopted
in the Texas Civil Practice and Remedies Code. 
See Tex.Civ.Prac.&Rem.Code Ann. ''
35.001-.008 (Vernon 1997).  Filing a
foreign judgment under the UEFJA initiates an enforcement proceeding and
automatically creates an enforceable Texas judgment.  Bahr v. Kohr,
928 S.W.2d 98, 100 (Tex.App.--San Antonio 1996, writ
denied); see also Walnut Equip. Leasing Co., Inc. v. Wu, 920
S.W.2d 285, 286 (Tex. 1996)(filing of the foreign
judgment comprises both a plaintiff=s
original petition and a final judgment).

When a judgment
creditor introduces a properly authenticated copy of a foreign judgment that
appears to be final, valid, and subsisting, the burden of establishing why it
should not be given full faith and credit shifts to the judgment debtor.  Brown=s
Inc. v. Modern Welding Co., 54 S.W.3d 450, 453-54 (Tex.App.--Corpus
Christi 2001, no pet.); see also Cash Register Sales and Services of
Houston, Inc. v. Copelco Capital, Inc., 62 S.W.3d
278, 280 (Tex.App.--Houston [1st Dist.] 2001, no
pet.)(applicable to default judgments as well).  In attacking enforcement of the judgment, a
defendant may challenge the jurisdiction of a sister state by demonstrating
that (1) service of process was inadequate under the rules of the sister state
or (2) the sister state=s
exercise of personal jurisdiction offends due process of law.  Markham v. Diversified
Land & Exploration Co., 973 S.W.2d 437, 439 (Tex.App.--Austin
1998, pet. denied).  

In his first
issue, Mr. Tracy challenges the trial court=s
enforcement of the foreign default judgment against him on grounds that the
foreign judgment rendered by the Wisconsin court was void for lack of personal
jurisdiction.  However, we first address
Mr. Tracy=s second
issue, which concerns the procedural rules for attacking allegedly void foreign
judgments filed in Texas, as we find this issue is dispositive.  








Section 35.003(c)
of the Texas Civil Practice and Remedies Code provides that A[a] filed foreign judgment has the same
effect and is subject to the same procedures, defenses, and proceedings for
reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment
of the court in which it is filed.@  Tex.Civ.Prac.&Rem.Code Ann. '
35.003(c).  Texas courts have compared
the filing of a foreign judgment under Section 35.003 to the entry of a
no-answer default judgment because the debtor does not have an opportunity to
defend himself before the judgment is considered final and have held that our
appellate timetables apply to a foreign judgment filed in Texas.  Urso v.
Lyon Financial Services, Inc., 93 S.W.3d 276, 279 (Tex.App.--Houston
[14th Dist.] 2002, no pet.); see Moncrief v.
Harvey, 805 S.W.2d 20, 23 (Tex.App.--Dallas 1991,
no writ)(debtor=s
position analogized to one who has suffered a no-answer default judgment). 

As the court in Moncrief v. Harvey explained, any motion to
contest the recognition of a foreign judgment, a post-judgment motion, filed
within thirty days after the filing of the foreign judgment, operates as a
motion for new trial in the context of a Section 35.003 proceeding.  Moncrief, 805 S.W.2d at 23.  In
discussing its policy reasons for treating a motion to contest recognition of a
foreign judgment as the functional equivalent of a motion for new trial, the Moncrief court noted that doing so extends
the appellate timetable for perfecting an appeal and provides the trial court
an opportunity to review the debtor=s
motion to contest recognition in the same extended period of time as it would
have to review a motion for new trial in an ordinary case.  Id. at 23-4; see also Bahr, 928
S.W.2d at 100 (Texas court=s
investigation of validity of foreign judgment must be done according to regular
timetables for challenging a Texas judgment); Malone v. Emmert
Industrial Corp., 858 S.W.2d 547, 548 (Tex.App.--Houston
[14th Dist.] 1993, writ denied)(trial court did not
err in applying Rule 329b to foreign judgment). 









On appeal, Mr.
Tracy contends that since his motion contesting recognition of the foreign
judgment did not request a new trial or intend to stay, vacate, or change the
foreign judgment, he should not be held to adhere to the procedures set out in Moncrief. 
Rather, Mr. Tracy asserts his motion was a collateral attack seeking to
avoid the binding force of the judgment by conclusively establishing that the
Wisconsin court lacked jurisdiction and as such, the judgment was unenforceable
in Texas.  Mr. Tracy points out that
there is neither a set procedure for a collateral attack nor any statute of
limitations.  See Texas Dep=t
of Transportation v. T. Brown Constructors, Inc., 947 S.W.2d 655, 659 (Tex.App.--Austin 1997, writ denied).  While we agree that a challenge to the
enforcement of a foreign judgment is in the nature of a collateral attack in
that a defendant may challenge the sister state=s
jurisdiction to render the judgment, Mr. Tracy=s
motion was procedurally in the same posture as any post-judgment motion filed
after a final judgment in Texas.  Under
Section 35.003(c) of the Texas Civil Practice and Remedies Code a filed foreign
judgment has the same effect and is subject to the same
procedures, defenses, and proceedings for reopening, vacating, staying,
enforcing, or satisfying a judgment as a judgment of the court in which it is
filed.  See Tex.Civ.Prac.&Rem.Code Ann. '
35.003(c).  In effect, a motion to
contest recognition of a foreign judgment filed under the UEFJA operates like
any post-judgment motion that directly attacks a final judgment in Texas in a
post-judgment proceeding.








As already noted,
the filing of a foreign judgment in a Texas court instantly creates an
enforcement judgment in Texas.  See Wu,
920 S.W.2d at 286. 
Under Texas Rule of Civil Procedure 329b, the trial court=s plenary power to grant a new trial or
modify, correct, or reform a judgment expires after thirty days if no action is
taken.  See Tex.R.Civ.P. 329b(d).  Filing of a motion for new trial or other
post-judgment motion extends the trial court=s
plenary jurisdiction until thirty days after the motion is overruled.  See Tex.R.Civ.P. 329b(e).  Here, Top Drawer filed its notice and foreign
judgment on August 22, 2001, and Mr. Tracy filed his motion contesting
recognition of the foreign judgment on September 18, 2001.  Under 329b(c), the  motion must be determined by written order
within seventy-five days after the date the judgment is signed or it is
overruled.  See Tex.R.Civ.P. 329b(c).  The record does not show any express written
order overruling Mr. Tracy=s
motion, therefore it would have been overruled by
operation of law on November 5, 2001. 
The trial court=s
plenary power expired on December 5, 2001, thirty days after the date Mr. Tracy=s motion was overruled by operation of
law.  See Tex.R.Civ.P. 329b(e).  As Top Drawer asserted in its motion for
reconsideration, the trial court had already lost plenary power prior to the
April 26 hearing and as a result, its May 10 order granting Mr. Tracy=s motion was a nullity.








Within his second
issue, Mr. Tracy contends that limiting his options to the procedures set out
in Moncrief, that is, applying Rule 329b to foreign judgments, violates
his due process rights.  Mr. Tracy
asserts a judgment from a sister state is conclusive upon the merits in another
state only if the court in a sister state had jurisdiction to render the
judgment, therefore he should be allowed to attack the foreign judgment before
it is ever given full faith and credit. 
The United States Constitution requires that the final judgment of a
sister state be given full faith and credit in Texas.  See Tex.Civ.Prac.&Rem.Code Ann. ''
35.001, 35.003(b).  When a party files a
properly authenticated copy of a foreign judgment under the UEFJA that appears
to be final and valid, the resisting party has the burden of establishing why
it should not be given full faith and credit. 
See Brown=s
Inc., 54 S.W.3d at 543-54. 
Since a filed foreign judgment is subject to the same procedures,
defenses, and proceedings for reopening, vacating, staying, enforcing, or
satisfying a judgment as a judgment of a Texas court, Section 35.003(c) clearly
provides the resisting party an opportunity to contest the finality and
validity of the filed foreign judgment.  See
Tex.Civ.Prac.&Rem.Code Ann. '
35.003(c).  Applying Rule 329b does not
deny the resisting party=s
opportunity to challenge the foreign judgment, but rather sets the appellate
timetable for raising such challenges.  See
Tex.R.Civ.P. 329b.  Since Mr. Tracy was provided an
opportunity to challenge the validity of the foreign judgment within the state=s procedural rules, we cannot conclude
his due process rights were violated by application of Rule 329b of the Texas
Rules of Civil Procedure.  Issue Two is
overruled.  Finding Issue Two dispositive, we need not address Mr. Tracy=s remaining issue.

Accordingly, we affirm
the trial court=s
judgment.

 

 

October 16, 2003

DAVID WELLINGTON CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.











[1]
In his brief, Mr. Tracy asserts that a new trial was not originally requested
in his motion.