COURT OF APPEALS












COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL PASO, TEXAS

 

CLINTON E. WOLF and JOANN P. WOLF,     )

                                                                              )              
No.  08-06-00230-CV

Appellants,                         )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                 
34th District Court

VINCENT B. ANDREAS, III and
MICHAEL L.  )

ANDREAS,                                                          )           
of El Paso County, Texas

                                                                              )

Appellees.                          )                 
(TC# 2006-2175)

                                                                              )

 

 

MEMORANDUM  OPINION

 








Pending before the
Court is Appellants= Motion
to Extend Time to File Notice of Appeal. 
Appellants seek to appeal the filing of a petition for enforcement of a
foreign judgment purportedly filed under the Uniform Enforcement of Foreign
Judgments Act (UEFJA).  See Tex.Civ.Prac.&Rem.Code Ann. ' 35.003 (Vernon 1997). 
When a judgment creditor proceeds under the UEFJA, the filing of the
foreign judgment comprises both the plaintiff=s
original petition and a final judgment.  Walnut
Equipment Leasing Co., Inc. v. Wu, 920 S.W.2d 285, 286 (Tex. 1996); Moncrief v. Harvey, 805
S.W.2d 20, 22 (Tex.App.--Dallas 1991, no writ). 
A filed foreign judgment has the same effect and is subject to the same
procedures, defenses, and proceedings for reopening, vacating, staying,
enforcing, or satisfying a judgment as a judgment of the court in which it is
filed.  See Tex.Civ.Prac.&Rem.Code Ann. ' 35.003(c); Moncrief, 805 S.W.2d
at 22 (timely post‑judgment motion will extend trial court=s plenary jurisdiction over foreign
judgment).

Appellees filed
the petition seeking domestication of the Arizona judgment under the UEFJA on May 2,
2006.  Appellants filed an answer,
counterclaim for declaratory relief, and application for injunctive relief to
the foreign judgment action on May 25, 2006. 
Assuming Appellants=
contest to the judgment was equivalent to a motion for new trial, Appellants= notice of appeal was due July 31,
2006.[1]  See
Tex.R.App.P.
26.1(a)(1)(if motion for new trial is timely filed, a notice of appeal must be
filed within 90 days after judgment is signed). 
Appellants did not file their notice of appeal until August 24, 2006,
twenty-four days after the deadline and nine days after the deadline for filing
a motion to extend time to file the notice of appeal under Tex.R.App.P. 26.3.  Because Appellants=
notice of appeal was untimely, we lack jurisdiction over this appeal.  Therefore, we deny Appellants= motion and dismiss this appeal for
want of jurisdiction.  See Tex.R.App.P. 42.3(a).

 

 

 

September
14, 2006

DAVID WELLINGTON
CHEW, Justice

 

Before McClure, J., Chew, J., and Barajas, C.J. (Ret.)

Barajas, C.J., (Ret.)(Sitting by Assignment)











[1]
Appellants deny that the foreign judgment action is permissible under the UEJFA
and assert they filed their notice of appeal out of an abundance of
caution.  We reserve no judgment as to
the merits of their claim in the underlying case.