

**MEMORANDUM OPINION**

No. 04-08-00174-CV

David **MYRICK**, Jr.,
Appellant

v.

**NELSON'S LEGAL INVESTIGATING & CONSULTING,** and Chris Nelson, Individually,
and Chris Nelson d/b/a Nelson's Legal Investigating & Consulting,
Appellees

From the 49th Judicial District Court, Zapata County, Texas
Trial Court No. 5665
Honorable Jose A. Lopez, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Karen Angelini, Justice
Sandee Bryan Marion, Justice
Rebecca Simmons, Justice

Delivered and Filed:   May 13, 2009

REVERSED AND RENDERED IN PART, AND REMANDED

This is an appeal from a summary judgment in favor of appellees.  The underlying lawsuit

was brought by appellant, David Myrick, Jr. ("Myrick"), against appellees, Nelson's Legal

Investigating & Consulting, and Chris Nelson individually and doing business as Nelson's Legal

Investigating & Consulting (collectively "Nelson").  In an opinion and judgment dated February 4,

2009, we reversed the trial court's summary judgment in favor of Nelson, rendered in part in favor

of Myrick and remanded for further proceedings. Nelson filed a motion for rehearing and a motion for rehearing en banc. To clarify our discussion on the issue of jurisdiction, we vacate our earlier judgment, withdraw our earlier opinion, and issue this opinion and judgment in their place. Concluding our original disposition of the appeal was correct, we overrule Nelson's motion for rehearing and his motion for rehearing en banc.

## BACKGROUND

In 1998, Myrick contacted Nelson in Utah regarding Nelson's investigative services. After Nelson completed work for Myrick, a dispute arose as to whether Myrick actually contracted with Nelson for his services and Myrick refused to pay Nelson's bill. On March 10, 1999, Nelson filed suit against Myrick in small claims court in Utah. The affidavit of service filed in the Utah court states that Myrick's wife, Janet Myrick, was served "by refusal," pursuant to the Colorado rules of civil procedure, while walking from her car to her house in Denver, Colorado. Myrick did not answer the lawsuit and, on May 5, 1999, Nelson obtained a default judgment in Utah against Myrick.

In 2002, Nelson filed an abstract of judgment in the deed records of Zapata County, Texas, placing a lien on property Myrick owned in the county. In 2004, Myrick learned of the lien. Shortly thereafter, Myrick filed suit against Nelson claiming slander of title and collaterally attacking the Utah judgment. Myrick argued the Utah judgment was invalid because: (1) the Utah court lacked jurisdiction; (2) he was never served with process; (3) he has a meritorious defense; and (4) the judgment was procured by fraud. In 2007, Nelson filed a no-evidence summary judgment motion challenging each of these four grounds. Myrick responded and filed a cross-motion for partial summary judgment arguing he had presented conclusive evidence that he was not properly served.

After Myrick filed his cross-motion for partial summary judgment, Nelson amended his answer and for the first time counterclaimed that he held a valid judgment based on his contemporaneous filing of the Utah judgment pursuant to the Uniform Enforcement of Foreign Judgments Act (the "UEFJA"). Myrick responded to Nelson's attempted compliance with the UEFJA by filing a "Motion to Vacate Judgment and/or Motion for New Trial." On February 14, 2008, the trial court granted Nelson's no-evidence motion for summary judgment and denied Myrick's motion for partial summary judgment. This appeal by Myrick ensued.

## JURISDICTION

As a preliminary matter, we first address Nelson's argument that the trial court lost jurisdiction to vacate or reform the Utah judgment because Myrick failed to timely appeal Nelson's counterclaim for enforcement of the foreign judgment.

Texas recognizes two methods of enforcing a foreign judgment. *Brown, L.L.P. v. Lanier Worldwide, Inc.*, 124 S.W.3d 883, 902 (Tex. App.—Houston [14th Dist.] 2004, no pet.). A judgment creditor has the right to bring a common law action to enforce a judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 35.008 (Vernon 2008) ("A judgment creditor retains the right to bring an action to enforce a judgment instead of proceeding under [the UEFJA]"). "When he does so, his petition as plaintiff initiates the action; the judgment debtor, as defendant, can assert his defenses; and a judgment results." *Moncrief v. Harvey*, 805 S.W.2d 20, 22 (Tex. App.—Dallas 1991, no writ). "A losing party can appeal just as in any other case." *Id.* A judgment creditor may also enforce a foreign judgment under the UEFJA. However, when a judgment creditor chooses to proceed under the UEFJA, the filing of a foreign judgment is in the "nature of both a plaintiff's original petition

and a final judgment: the filing initiates the enforcement proceeding, but it also instantly creates a Texas judgment that is enforceable." *Id.*; *see also See Walnut Equip. Leasing Co. v. Wu*, 920 S.W.2d 285, 286 (Tex. 1996). A foreign judgment filed under the UEFJA is treated in the same manner as a judgment of the court in which the foreign judgment is filed. TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(b). Such a judgment has "the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed." *Id.* at § 35.003(c). Texas courts compare the filing of a foreign judgment under section 35.003 to the entry of a no-answer default judgment because the debtor under these circumstances, unlike the debtor in a common law enforcement proceeding, does not have the opportunity to defend himself before the judgment is considered final. *See Moncrief*, 805 S.W.2d at 23. Therefore, a judgment debtor challenging a foreign judgment filed under section 35.003 is ordinarily required to file such a challenge within thirty days. *See Bahr v. Kohr*, 928 S.W.2d 98, 100 (Tex. App.—San Antonio 1996, writ denied) (validity of foreign judgment may be investigated by a Texas court, but must be done according to regular timetables for challenging a Texas judgment). In Texas, the court's plenary power to grant a new trial or modify, correct, or reform a judgment expires after thirty days if no action is taken. TEX. R. CIV. P. 329b; *Bahr*, 928 S.W.2d at 100. Therefore, if a judgment debtor does not timely challenge a foreign judgment filed in compliance with section 35.003, then the trial court's plenary jurisdiction expires and any judgment rendered by the trial court after such date is a nullity. *See Walnut Equip. Leasing*, 920 S.W.2d at 286.

On appeal, Nelson argues the trial court lost jurisdiction to vacate the Utah judgment because Myrick failed to timely appeal Nelson's counterclaim to enforce the judgment, which Nelson contends he filed in compliance with section 35.003. We disagree. The circumstances of this case are not comparable to a no-answer default judgment because Nelson did not initiate the proceeding to enforce his judgment. Instead, the circumstances here are more akin to a common law enforcement action. Therefore, we conclude that when Myrick initiated the proceedings by filing a slander of title suit against Nelson he effectively prevented the Utah judgment from instantly becoming an enforceable Texas judgment. We also note that after Myrick filed his original petition in 2004, Nelson answered the petition, participated in depositions, filed a jury demand, and moved for summary judgment. These actions, all prior to the filing of his counterclaim in 2007, amounted to an election to pursue enforcement of his judgment through a common law action. *See Brown, L.L.P.*, 124 S.W.3d at 902. Accordingly, the ordinary timetables to challenge a final judgment envisioned under section 35.003 do not apply in this case, and Nelson's claim that the trial court lacked jurisdiction to modify or vacate the Utah judgment is without merit.

## MYRICK'S MOTION FOR PARTIAL TRADITIONAL SUMMARY JUDGMENT

Because it is dispositive of all other issues on appeal, we address only Myrick's argument that the trial court erred in denying his motion for partial summary judgment. In his cross-motion for partial summary judgment, Myrick contended he conclusively established that he was not properly served in the Utah lawsuit, and therefore, he was entitled to a summary judgment vacating the Utah judgment and declaring it void. As the party moving for traditional summary judgment, Myrick has the burden of showing there is no genuine issue of material fact and that he is entitled

to judgment as a matter of law. *See Casso v. Brand*, 776 S.W.2d 551, 556 (Tex. 1989); *Nixon v. Mr. Prop. Mgmt. Co.*, *Inc.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

It is uncontested that Myrick himself was not personally served in the Utah lawsuit. The affidavit of service states that Myrick's wife, Janet, was served on April 18, 1999, at her home in Denver, Colorado pursuant to Colorado law, which allows for "service by refusal."[1] Myrick and his wife Janet were divorced on July 6, 1999, in Zapata County, Texas. Myrick argues service should have been effectuated in accordance with the Utah rules of procedure, instead of the Colorado rules of procedure. *See* UTAH CODE ANN. § 78B-3-206 (West 2008) ("Service of process on any party outside the state may be made pursuant to the applicable provisions of Rule 4 of the Utah Rules of Civil Procedure."). However, we need not reach the issue of which state's law was controlling at the time of service because Nelson failed to serve Myrick at his "dwelling house" or "usual place of abode" as required, with exceptions not applicable here, by both Utah and Colorado law. UTAH R. CIV. P. 4(d)(1)(A); COLO. R. CIV. P. 4(e)(1).

"Usual place of abode" is construed by both states to mean the place where the person is actually living at the time service is attempted. *Reed v. Reed*, 806 P.2d 1182, 1185 (Utah 1991); *Neher v. Dist. Court for the Fourth Judicial Dist.*, 422 P.2d 627, 628 (Colo. 1967). Here, the address on the affidavit of service is Janet Myrick's home in Denver, Colorado. Myrick presented his own

---

[1] Neither party has provided this court or the trial court with the controlling law from 1999 when service was attempted. According to current Colorado law, "[i]f a person to be served refuses to accept a copy of the summons and complaint, service shall be sufficient if the person serving the documents knows or has reason to identify the person who refuses to be served, identifies the documents being served as a summons and complaint, offers to deliver a copy of the documents to the person who refuses to be served, and thereafter leaves a copy in a conspicuous place." COLO. REV. STAT. ANN. R. 304(j) (West 2008). The affidavit of service in the record states that the method of service was "service by refusal pursuant to C.C.C.R.C.P. 304(h)."

deposition testimony and Janet Myrick's sworn affidavit stating he was not living in Colorado at the time of service. Additionally, Myrick provided the trial court with a certified copy of the final divorce decree, which was granted in Zapata County, Texas on July 6, 1999. The divorce decree includes a finding by the trial court that at least sixty days had elapsed since the date his suit for divorce was filed and that when the divorce suit was filed Myrick had been a domiciliary of Texas for the preceding six-month period as required by Texas law. The elements of the legal concept of "domicile" are: (1) an actual residence, and (2) the intent to make it the permanent home. *Snyder v. Pitts*, 241 S.W.2d 136, 139 (Tex. 1951). Therefore, because the divorce decree was dated July 6, 1999, Myrick's suit for divorce must have been filed before May 7, 1999, and Myrick must have been "a domiciliary of Texas for the proceeding six month period" or since at least November of 1998. Because service was attempted by Nelson in Colorado on April 18, 1999, we conclude Myrick has conclusively established that service was not left at his "usual place of abode" as required by both Utah and Colorado law.

Because Myrick satisfied his burden of conclusively establishing he was not properly served, the Utah judgment is rendered void. *See Westcliffe, Inc. v. Bear Creek Constr., Ltd.*, 105 S.W.3d 286, 290 (Tex. App.—Dallas 2003, no pet.) ("When the attempted service of process is invalid, the trial court acquires no personal jurisdiction over the defendant, and the default judgment is void."); *see also Skanchy v. Calcados Ortope S.A.*, 952 P.2d 1071, 1074 (Utah 1998) (explaining that if service of process is invalid, the trial court lacks jurisdiction, and the default judgment is void and should be set aside). Accordingly, the trial court erred in denying Myrick's motion for partial

summary judgment. For these reasons, the trial court also erred in rendering summary judgment in favor of Nelson.

## CONCLUSION

We reverse the summary judgment in favor of Nelson and render judgment in favor of Myrick that the Utah Judgment is void because Myrick was not properly served. The cause is remanded for further proceedings.

Sandee Bryan Marion, Justice