

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00190-CV

KOBI INTERNATIONAL, INC.                    APPELLANT

V.

FLUID ENGINEERING                           APPELLEE

----------

### FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellee Fluid Engineering obtained a judgment against Appellant Kobi International, Inc. (Kobi) in a Pennsylvania court on September 28, 2010. Pursuant to the Uniform Enforcement of Foreign Judgments Act (UEFJA), Fluid Engineering filed a "Notice of Filing of Foreign Judgment" in the 17th District Court of Tarrant County, Texas on December 20, 2010. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 35.001–.008 (West 2008). On January 19, 2011, Kobi filed

---

[1]*See* Tex. R. App. P. 47.4.

a motion to vacate the foreign judgment, which the trial court denied by written order dated May 18, 2011. Kobi filed a notice of appeal in this court on May 31, 2011.

"When a judgment creditor chooses to proceed under the UEFJA, the filing of a foreign judgment is in the 'nature of both a plaintiff[']s original petition and a final judgment: the filing initiates the enforcement proceeding, but it also instantly creates a Texas judgment that is enforceable.'" *Counsel Fin. Servs., L.L.C. v. David McQuade Leibowitz, P.C.*, 311 S.W.3d 45, 50 (Tex. App.—San Antonio 2010, pet. denied) (quoting *Moncrief v. Harvey*, 805 S.W.2d 20, 22 (Tex. App.—Dallas 1991, no writ). Thus, "the appellate timetable starts from the date on which the foreign judgment creditor files the foreign judgment in Texas." *Moncrief*, 805 S.W.2d at 24.

Kobi's motion to vacate was the procedural equivalent of a motion for new trial. *See id.* at 23 (stating that "any motion to contest the recognition of a foreign judgment, filed within thirty days after the filing of the foreign judgment, operates as a motion for new trial in the context of a section 35.003 proceeding"). Thus, Kobi's notice of appeal was due on or before March 21, 2011. *See* Tex. R. App. P. 26.1(a)(1) (requiring a notice of appeal to be filed within ninety days of judgment if a motion for new trial has been filed).

Although Kobi was required to file a notice of appeal on or before March 21, 2011, it did not file its notice of appeal until May 31, 2011.[2] We sent a letter to Kobi on June 3, 2011, stating our concern that we may be without jurisdiction because its notice of appeal was not timely filed. *See* Tex. R. App. P. 26.1(a). We informed Kobi that unless it, or any party desiring to continue the appeal, filed a response showing grounds for continuing this appeal on or before June 13, 2011, the appeal could be dismissed for want of jurisdiction. Kobi filed a response on July 15, 2011, but the response does not present grounds for continuing the appeal. Therefore, because Kobi's notice of appeal was untimely, we have no jurisdiction to consider this appeal, and we dismiss it for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

DELIVERED:  July 21, 2011

---

[2]The trial court's May 18, 2011 order denying Kobi's motion to vacate is a legal nullity; the motion to vacate was overruled by operation of law on March 14, 2011, and the trial court lost plenary power thirty days later. *See* Tex. R. Civ. P. 329b(c), (e) (stating that a motion for new trial is overruled by operation of law seventy-five days after the trial court signs the judgment and that the trial court retains plenary power "until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first").

3