02-11-190-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO.  02-11-00190-CV

 

 


 
 
 Kobi International, Inc.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Fluid Engineering
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 17th
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

Appellee
Fluid Engineering obtained a judgment against Appellant Kobi International,
Inc. (Kobi) in a Pennsylvania court on September 28, 2010.  Pursuant to the
Uniform Enforcement of Foreign Judgments Act (UEFJA), Fluid Engineering filed a
“Notice of Filing of Foreign Judgment” in the 17th District Court of Tarrant
County, Texas on December 20, 2010.  See Tex. Civ. Prac. & Rem. Code
Ann. §§ 35.001–.008 (West 2008).  On January 19, 2011, Kobi filed a motion to
vacate the foreign judgment, which the trial court denied by written order
dated May 18, 2011.  Kobi filed a notice of appeal in this court on May 31,
2011.

“When
a judgment creditor chooses to proceed under the UEFJA, the filing of a foreign
judgment is in the ‘nature of both a plaintiff[’]s original petition and a
final judgment:  the filing initiates the enforcement proceeding, but it also
instantly creates a Texas judgment that is enforceable.’”  Counsel Fin.
Servs., L.L.C. v. David McQuade Leibowitz, P.C., 311 S.W.3d 45, 50 (Tex.
App.—San Antonio 2010, pet. denied) (quoting Moncrief v. Harvey, 805
S.W.2d 20, 22 (Tex. App.—Dallas 1991, no writ).  Thus, “the appellate timetable
starts from the date on which the foreign judgment creditor files the foreign
judgment in Texas.”  Moncrief, 805 S.W.2d at 24.

Kobi’s
motion to vacate was the procedural equivalent of a motion for new trial.  See
id. at 23 (stating that “any motion to contest the recognition of a foreign
judgment, filed within thirty days after the filing of the foreign judgment,
operates as a motion for new trial in the context of a section 35.003
proceeding”).  Thus, Kobi’s notice of appeal was due on or before March 21,
2011.  See Tex. R. App. P. 26.1(a)(1) (requiring a notice of appeal to
be filed within ninety days of judgment if a motion for new trial has been
filed).

Although
Kobi was required to file a notice of appeal on or before March 21, 2011, it
did not file its notice of appeal until May 31, 2011.[2] 
We sent a letter to Kobi on June 3, 2011, stating our concern that we may be
without jurisdiction because its notice of appeal was not timely filed.  See
Tex. R. App. P. 26.1(a).  We informed Kobi that unless it, or any party
desiring to continue the appeal, filed a response showing grounds for
continuing this appeal on or before June 13, 2011, the appeal could be
dismissed for want of jurisdiction.  Kobi filed a response on July 15, 2011,
but the response does not present grounds for continuing the appeal.  Therefore,
because Kobi’s notice of appeal was untimely, we have no jurisdiction to
consider this appeal, and we dismiss it for want of jurisdiction.  See
Tex. R. App. P. 42.3(a), 43.2(f).

 

 

PER CURIAM

 

PANEL: 
GARDNER,
WALKER, and MCCOY, JJ.

 

DELIVERED:  July 21, 2011









[1]See Tex. R. App. P. 47.4.





[2]The trial court’s May 18,
2011 order denying Kobi’s motion to vacate is a legal nullity; the motion to
vacate was overruled by operation of law on March 14, 2011, and the trial court
lost plenary power thirty days later.  See Tex. R. Civ. P. 329b(c), (e)
(stating that a motion for new trial is overruled by operation of law
seventy-five days after the trial court signs the judgment and that the trial
court retains plenary power “until thirty days after all such timely-filed
motions are overruled, either by a written and signed order or by operation of
law, whichever occurs first”).