DISMISS; Opinion filed November 8, 2012



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

No. 05-12-00938-CV

GWENDOLYN WATEL, Appellant

V.

DUMANN REALTY, LLC, Appellee

On Appeal from the 192nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-11-12649-K

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Francis and Lang-Miers
Opinion By Chief Justice Wright

By letter dated August 2, 2012, the Court questioned its jurisdiction over the appeal. Specifically, the notice of appeal appeared to be untimely. The Court requested that appellant file a jurisdictional brief and gave appellee an opportunity to respond. Appellant filed a jurisdictional brief and appellee filed a response.

The filing of a foreign judgment is in the nature of both an original petition and a final judgment. *See Moncrief v. Harvey*, 805 S.W.2d 20, 23 (Tex. App.—Dallas 1991, no writ); *Counsel Fin. Servs., L.L.C. v. David McQuade Leibowitz, P.C.*, 311 S.W.3d 45, 50 (Tex. App.—San Antonio 2010, pet. denied). The appellate timetable starts from the date on which a foreign judgment creditor files the foreign judgment in a Texas court. *Moncrief*, 805 S.W.2d at 24. A motion for new trial filed within thirty days of the filing of a foreign judgment extends the appellate timetable. *See Moncrief*, 805

S.W.2d at 25. Without a timely filed notice of appeal, this Court lacks jurisdiction. *See* TEX. R. APP. P. 25.1(b).

Appellee filed the foreign judgment in the trial court on September 29, 2011. Appellant timely filed a motion for new trial on October 12, 2011. Thus, the notice of appeal was due on December 28, 2011, ninety days after the date the judgment was filed. *See* TEX. R. APP. P. 26.1(a)(1); *Moncrief,* 805 S.W.2d at 25.

In her jurisdictional brief, appellant applies the deadlines for post-judgment motions set forth in rule 329b to the date the judgment was signed in the New York court. *See* TEX. R. CIV. P. 329b. Using this analysis, appellant contends she never had an opportunity to contest the foreign judgment because the deadlines to do so had expired before appellee filed the foreign judgment in the Texas court. Her analysis is incorrect. The deadlines for filing post-judgment motions set forth in rule 329b applies only to Texas judgments. The judgment at issue in this case did not become a final judgment in Texas until appellee filed it in a Texas court on September 29, 2011. It is that date that triggered the deadlines for post-judgment motions set forth in rule 329b and the deadline to file the notice of appeal. *See Moncrief,* 805 S.W.2d at 24-25.

Appellant's notice of appeal was due on December 28, 2011, ninety days after the foreign judgment was filed. *See* TEX. R. APP. P. 26.1(a). Appellant filed her notice of appeal on June 20, 2012, more than five months past the deadline. Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

_____
CAROLYN WRIGHT
CHIEF JUSTICE

120938F.P05

-2-



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

GWENDOLYN WATEL, Appellant

No. 05-12-00938-CV     V.

DUMANN REALTY, LLC, Appellee

Appeal from the 192nd Judicial District Court of Dallas County, Texas. (Tr.Ct.No. DC-11-12649-K).
Opinion delivered by Chief Justice Wright, Justices Francis and Lang-Miers, participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee, Dumann Realty, LLC, recover its costs of the appeal from appellant, Gwendolyn Watel.

Judgment entered November 8, 2012.

CAROLYN WRIGHT
CHIEF JUSTICE