**DISMISS; and Opinion Filed March 10, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01746-CV

### MEMKING RECYCLING GROUP LLC AND JOHN PATERSON, Appellants
### V.
### ABINGTON RELDAN METALS, LLC, Appellee

On Appeal from the County Court at Law No. 5
Dallas County, Texas
Trial Court Cause No. CC-13-03755-E

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Lewis

In a letter dated January 28, 2014, the Court questioned its jurisdiction over this appeal. Specifically, it appeared the notice of appeal was untimely. The Court requested that appellants file a letter brief addressing our concern and gave appellee an opportunity to respond.

This is an appeal of a foreign judgment. The filing of a foreign judgment is in the nature of both a plaintiff's original petition and a final judgment. *See Moncrief v. Harvey*, 805 S.W.2d 20, 22 (Tex. App.—Dallas 1991, no writ). The appellate timetable starts from the date the foreign judgment is filed. *See id.* at 24. If a party files a timely post-judgment motion, the notice of appeal is due ninety days from the date the judgment is signed. *See* TEX. R. APP. P. 26.1(a). Without a timely filed notice of appeal, this Court lacks jurisdiction. *See* TEX. R. APP. P. 25.1(b).

The foreign judgment was filed on June 26, 2013. On August 12, 2013, appellants filed a motion to vacate the judgment. The following day, appellants filed a timely rule 306a motion

asserting that they did not acquire actual knowledge of the judgment until July 24, 2013. *See* TEX. R. CIV. P. 306a(4). On September 10, 2013, the trial court granted appellants' rule 306a motion. Because the trial court failed to include in its order the required finding of the date on which appellants first received either notice or acquired actual knowledge of the judgment, this Court, by letter, requested the trial court to sign an order with the required finding. *See* TEX. R. APP. P. 42.(c); *Self v. King*, 2013 WL 3343327 (Tex. App—Dallas June 28, 2013, pet. denied). On February 18, 2014, the trial court signed on order finding that appellants acquired actual knowledge of the judgment on July 24, 2013.[1]

With July 24, 2013 as the operative date, appellants' motion to vacate filed on August 12, 2013 was timely and effective to extend the appellate timetable. Accordingly, appellants' notice of appeal was due on or before October 22, 2013, ninety days after the date the judgment was signed. *See* TEX. R. APP. P. 26.1(a). Appellants filed their notice of appeal on December 23, 2013, sixty-two days past the deadline. Appellants stated in their notice of appeal that they were appealing the trial court's November 25, 2013 order denying their motion to vacate. The appellate timetable, however, runs from the date the judgment is signed, not from the date the trial court signs an order on a post-judgment motion. *See* TEX. R. APP. P. 26.1.

On February 11, 2014, appellants filed an amended notice of restricted appeal. A restricted appeal is not available to parties who timely file a post-judgment motion. *See* TEX. R. APP. P. 25.1(7)(B). Because appellants timely filed a motion to vacate the judgment, they cannot pursue a restricted appeal.

---

[1] The Court received a copy of the objection appellants filed in trial court objecting to the trial court complying with this Court's letter request because the trial court no longer had plenary power. At the hearing on their rule 306a motion and in its jurisdictional brief, appellants asserted that they first acquired knowledge of the foreign judgment on July 24, 2013. By granting appellants' motion, the trial court necessarily found that appellants acquired actual knowledge of the foreign judgment at a date later than the date the foreign judgment was filed with the trial court. This was a judicial determination. The omission in the trial court's order of the date the trial court found that appellants acquired actual knowledge was merely a clerical error.

Appellants failed to timely file their notice of appeal. Accordingly, we dismiss the appeal for want of jurisdiction. TEX. R. APP. P. 42.3(a).

/David Lewis/
DAVID LEWIS
JUSTICE

131746F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MEMKING RECYCLING GROUP LLC
AND JOHN PATERSON, Appellants

No. 05-13-01746-CV         V.

ABINGTON RELDAN METALS, LLC,
Appellee

On Appeal from the County Court at Law
No. 5, Dallas County, Texas.
Trial Court Cause No. CC-13-03755-E.
Opinion delivered by Justice Lewis.
Justices Lang-Miers and Myers,
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee, ABINGTON RELDAN METALS, LLC, recover its costs of this appeal from appellants, MEMKING RECYCLING GROUP LLC AND JOHN PATERSON.

Judgment entered this 10th day of March, 2014.

/David Lewis/
DAVID LEWIS
JUSTICE