

# NUMBER 13-17-00680-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JAYCAP FINANCIAL, LTD.,                                    Appellant,

v.

ALFRED NEUSTAEDTER,                                       Appellee.

### On appeal from the 404th District Court
### of Cameron County, Texas.

# CONCURRING AND DISSENTING MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Tijerina
Concurring and Dissenting Memorandum Opinion
by Justice Tijerina**

I concur with the majority that the injunction should be dissolved. However, I dissent from the ruling that the trial court had jurisdiction to issue the injunction. In addition, because I would conclude that the trial court lacked jurisdiction, I would dissolve the injunction and render judgment. I would not address appellant's issue regarding the

validity of the injunction.

Appellee received notice at his Canadian address on February 23, 2017. Thus, he had sixty days to file his motion for nonrecognition of the Canadian judgment. Although appellee did not file a motion of nonrecognition, he filed a motion for "emergency" injunction and damages on July 31, 2019. Construing this motion as a motion for nonrecognition of the Canadian judgment, appellee filed it well past sixty days. *See* Act of 1989, 71st Leg., ch. 402 § 5, 1989 Tex. Sess. Law Serv. 402 (repealed). And even assuming, without deciding, that the trial court maintained plenary power for thirty days after the expiration of the sixty days, appellee's motion for emergency relief was filed well after ninety days from the date he received notice on February 23, 2017. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 35.003(c), 36A.006; *Moncrief v. Harvey*, 805 S.W.2d 20, 23 (Tex. App.—Dallas 1991, no writ) ("[B]ecause filing a foreign judgment has the effect of initiating an enforcement proceeding and entering a final Texas judgment simultaneously, the Legislature must have intended to empower the judgment debtor with all those defenses and proceedings for reopening, vacating, or staying a judgment that any judgment debtor can bring postjudgment."); *see also Mathis v. Nathanson*, No. 03-03-00123-CV, 2004 WL 162965, at *1 (Tex. App.—Austin Jan. 29, 2004, pet. denied) (mem. op.). Therefore, because appellee did not file his motion for emergency relief within ninety days, I would conclude that the trial court lacked jurisdiction to issue the temporary injunction.

For these reasons, although I concur in the judgment dissolving the temporary injunction, I dissent to the extent that the majority concludes that the trial court had jurisdiction to issue the injunction and remands the cause to the trial court. I would

2

conclude that the trial court lacked jurisdiction and render judgment dissolving the injunction.

JAIME TIJERINA,
Justice

Delivered and filed the
12th day of December, 2019.