**JACK H. BROWN & COMPANY,**
**Appellant,**

v.

**NORTHWEST SIGN COMPANY,**
**Appellee.**

No. 05–83–00887–CV.

Court of Appeals of Texas,
Dallas.

July 31, 1984.
Rehearing Denied Sept. 5, 1984.

Steven E. Clark, Goins & Underkofler, Charles L. Perry, Johnson, Bromberg & Leeds, Dallas, for appellant.

Bertran T. Bader, Cox & Bader, Dallas, for appellee.

Before AKIN, ALLEN and GUILLOT, JJ.

ALLEN, Justice.

Jack H. Brown & Company appeals from the issuance of a writ of garnishment obtained by Northwest Sign Company, appellee, against Republic National Bank of Dallas on the account of Jack H. Brown & Company d/b/a Signgraphics, and from an order giving full faith and credit to an Idaho default judgment, styled *Northwest Sign Company v. Signgraphics*, No. A–2092, upon which the writ was based. Jack H. Brown & Company contends that it never received service of process in the original Idaho suit and, therefore, the Idaho judgment is not binding on Jack H. Brown & Company. We agree. Accordingly, we reverse the judgment of the trial court enforcing the judgment as to Jack H. Brown & Company and dissolve the writ of garnishment.

This court has previously published an opinion on this case denying Northwest Sign's motion to dismiss the appeal. 665 S.W.2d 219 (Tex.App.—Dallas 1984, no writ). The original Idaho complaint named as defendants "Signgraphics, Inc. ... a foreign corporation," and "John Does I through X ... unknown partners or unknown proprietors doing the [sic] business under the name of Signgraphics." Service of process was had on Jack H. Brown as registered agent for Signgraphics, Inc.

Signgraphics, Inc. and Jack H. Brown & Company are separate and distinct corporations. Jack H. Brown & Company does business under the assumed name Signgraphics. Jack H. Brown is the registered agent for service of process of both corporations, Signgraphics, Inc. and Jack H. Brown & Company.

■ Jurisdiction of a foreign court to render a default judgment must appear affirmatively on the face of the record and will not be presumed from judgment recitals. *Bayne v. Heid*, 638 S.W.2d 40, 41 (Tex.App.—Houston [1st Dist.] 1982, no writ); *Country Clubs, Inc. v. Ward*, 461 S.W.2d 651 (Tex.Civ.App.—Dallas 1970,

writ ref'd n.r.e.). Actual notice of a suit is insufficient if a defendant was not properly served in the manner prescribed by law. *Shanbaum v. Janssen*, 582 S.W.2d 590, 591 (Tex.Civ.App.—Dallas 1979, no writ).

■ Assuming that under the Idaho John Doe procedure, Jack H. Brown & Company was named as a defendant in the complaint as a "John Doe" doing business as Signgraphics, Northwest Sign must show that Jack H. Brown & Company was properly served as a John Doe defendant. Jack H. Brown was served in the Idaho suit only as registered agent for Signgraphics, Inc., a separate corporation. Consequently, no service of process was had on Jack H. Brown & Company. Each defendant to a suit must be served with process. *Anderson v. Brown*, 16 Tex. 554, 555 (Tex. 1856).

Our holding is supported by *Gillette Motor Transport Co. v. Whitfield*, 160 S.W.2d 290 (Tex.Civ.App.—Fort Worth 1942, no writ), wherein plaintiff named Wichita Falls and Southern *Railway* Company as defendant and served its general manager. The party actually liable to plaintiff was Wichita Falls and Southern *Railroad* Company. The two companies had the same individual serving as president and used the services of the same attorney. The general manager of the railway company, served by plaintiff, was on the board of directors of the railroad company. Nevertheless, the Court of Civil Appeals held that an amendment of plaintiff's pleadings, changing the defendant from the railway to the railroad company, was ineffective because the railroad company had never been made a party to the suit. 160 S.W.2d at 293–94. *See also Astro Sign Co. v. Sullivan*, 518 S.W.2d 420, 424 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.).

■ Even in jurisdictions allowing John Doe defendants, the party served must be put on notice that he is being served as a John Doe defendant. In *Safeway Stores, Inc. v. Ramirez*, 99 Ariz. 372, 409 P.2d 292 (1965), plaintiff named Safeway and a John Doe as defendants. Service was had on the store's manager. A default judgment was subsequently entered against the store and

the manager individually. The court reversed the judgment against the manager holding that "[I]t is not enough merely to serve a person with a process unless it is made known to him that he is a defendant and is being served in the place of one of the fictitious persons." 409 P.2d at 298. The process served on Jack H. Brown does not show that he was being served as the agent for service of process of a fictitious John Doe defendant doing business as Signgraphics. On the contrary, the process plainly indicates that he was served as agent for Signgraphics, Inc., the only named defendant in the Idaho lawsuit.

■ Therefore, we hold that the Idaho judgment is not a judgment against Jack H. Brown & Company because the record affirmatively shows that the Idaho court rendering the default judgment did not have personal jurisdiction over Jack H. Brown & Company in that Jack H. Brown & Company never received service of process. Accordingly, the order enforcing the Idaho default judgment against Jack H. Brown & Company is reversed and dismissed and the writ of garnishment dated March 22, 1983, against Republic National Bank of Dallas on the account of Jack H. Brown & Company d/b/a Signgraphics is vacated.