**NORTHWEST SIGN COMPANY, an Idaho Corporation, Petitioner,**

v.

**JACK H. BROWN & COMPANY, INC., Respondent.**

**No. C–3491.**

Supreme Court of Texas.

Nov. 21, 1984.

Rehearing Denied Dec. 19, 1984.

Bertran T. Bader, III, Dallas, for petitioner.

Goins & Underkofler, Steven E. Clark, Dallas, for respondent.

PER CURIAM.

This is an appeal from the reversal of an action to enforce a foreign judgment and the dismissal of the writ of garnishment filed in the enforcement action. The trial court held that the suit to enforce the foreign judgment was valid because the service of process on the original defendant in the foreign action was proper. Consequently, the writ of garnishment filed for satisfaction of the judgment was proper. The court of appeals reversed the enforcement and dismissed the garnishment action. 677 S.W.2d 135 (1984). Pursuant to TEX.R.CIV.P. 483, we grant Northwest Sign Company's application for writ of error and, without hearing oral argument, reverse the judgment of the court of appeals and affirm the judgment of the trial court enforcing the foreign judgment and allowing the garnishment of funds in satisfaction of the judgment.

There are two corporations involved here: (1) Signgraphics, Inc., whose registered agent for service of process is Jack H. Brown; and (2) Jack H. Brown & Company, which does business under the as-

sumed name of Signgraphics, whose registered agent for service of process is also Jack H. Brown. In November, 1981, Northwest Sign Company, an Idaho Corporation, obtained a judgment in Idaho in an action styled, *"NORTHWEST SIGN COMPANY, an Idaho Corporation v. SIGNGRAPHICS, a foreign corporation; John Does I through X d/b/a SIGNGRAPHICS, a proprietorship or partnership."* Service of process was executed upon "Signgraphics, by delivering to its registered agent for service Jack H. Brown, on the 10th day of October, 1981 at 11:38 a.m." The record clearly shows that service was had upon Signgraphics. The judgment obtained as a result of this lawsuit was filed in Texas on April 14, 1982, in the suit to enforce the foreign judgment. On January 14, 1983, Northwest Sign Company garnished the account of Signgraphics, Inc., at the Republic National Bank of Dallas. Republic National Bank responded that they had an account styled Jack H. Brown & Company, d/b/a Signgraphics, but no account styled Signgraphics, Inc. As a result, the foreign judgment was amended on March 25, 1983, to add "Jack H. Brown & Co., d/b/a Signgraphics, a Texas corporation" in place of John Doe I for the suit to enforce and on the judgment itself.

Jack Brown & Company then moved to vacate the foreign judgment and to dissolve the writ of garnishment. The trial court properly overruled both motions. On appeal the court of appeals held that Jack H. Brown was the only entity served with process in the Idaho suit and that he was served as the registered agent for "Signgraphics, Inc." Therefore, the court held that since there was no valid service of Jack H. Brown & Company, d/b/a Signgraphics, the Idaho judgment and the Texas suit to enforce same must fail. This is not only an incorrect statement of the facts but also a contradiction of the plain meaning of TEX.R.CIV.P. 28.

The service of process in the Idaho suit showed on its face that Jack H. Brown was served as agent for Signgraphics. The Idaho complaint also named the defendants as "Signgraphics, Inc., ... a foreign corpora-

tion" and "John Does I through X ... unknown partners or unknown proprietors doing business under the name of Signgraphics." Nowhere does "Signgraphics, Inc." appear on the judgment or on the complaint.

In addition, TEX.R.CIV.P. 28 provides that any partnership, unincorporated association, private corporation or individual doing business under an assumed name may be sued in his assumed or common name. The record reflects that Jack H. Brown & Company had fair and adequate notice of the lawsuit since it was sued in its assumed name of Signgraphics and service of process was had on Jack H. Brown, the registered agent for Jack H. Brown & Company and for Signgraphics, the assumed name of the company. The court of appeals erred in holding that there was no service of Jack H. Brown & Company, d/b/a Signgraphics.

We conclude that the opinion of the court of appeals conflicts with TEX.R.CIV.P. 28. Without hearing oral argument, we grant Northwest Sign Company's application for writ of error, reverse the judgment of the court of appeals, and affirm the judgment of the trial court enforcing the foreign judgment and the writ of garnishment. TEX.R.CIV.P. 483.