

# Fourth Court of Appeals

## San Antonio, Texas

### OPINION

No. 04-13-00609-CV

Herlinda **ARNOLD**,
Appellant

v.

**WORLDWIDE CLINICAL TRIALS** a/k/a WCT CORPORATION,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 381779
Honorable Jason Pulliam, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice
Dissenting Opinion by:  Marialyn Barnard, Justice

Sitting:       Catherine Stone, Chief Justice
               Marialyn Barnard, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  August 13, 2014

REVERSED AND REMANDED

        This is an appeal from a trial court's order granting summary judgment in favor of appellee

Worldwide Clinical Trials Early Phase Services, LLC ("WCT").  On appeal, appellant Herlinda

Arnold contends the trial court erred in granting summary judgment because: (1) WCT's registered

agent was timely served with a citation using WCT's assumed name, and, alternatively, (2) Arnold

exercised due diligence in the issuance and service of citation such that the date of service should

relate back to the date of filing.  Because we sustain Arnold's first issue, we need not address her

alternative second issue.  TEX. R. APP. P. 47.1 (stating opinions should address only issues

necessary to final disposition). Accordingly, we reverse the trial court's judgment and remand the cause to the trial court for further proceedings.

## BACKGROUND

Herlinda Arnold is a former employee of Worldwide Clinical Trials Early Phase Services, LLC ("WCT"). Arnold alleges she was wrongfully terminated by WCT and filed a discrimination claim with the Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission ("TWC"), alleging racial discrimination and harassment. The TWC subsequently informed Arnold on October 16, 2012, that her case had been processed by the EEOC and that she had a right to bring a civil action against WCT. The notice included the following instruction: "YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION." The notice was received on or about October 16, 2012, so Arnold had until December 15, 2012, to file a civil action.

Arnold filed her original petition on November 7, 2012, and styled the case "Herlinda Arnold v. Worldwide Clinical Trials a/k/a WCT Corporation." That same day, Arnold requested citation be issued to "Worldwide Clinical Trials a/k/a WCT Corporation" through its registered agent, CT Corporation System ("CT Corp."). The record reflects the county clerk issued citation on November 11, 2012, and CT Corp. received it on or before November 26, 2012. However, CT Corp. rejected the documents and in a November 26, 2012 letter to Arnold's counsel stated:

> Our records indicate that we represent more than one entity beginning with the name: (Worldwide Clinical Trials, etc.). In order that we may properly process the enclosed documents(s) [SIC], we must be provided with the full name of the entity for which it is intended.

At the time, CT Corp. was registered with the Texas Secretary of State as agent for two Texas entities: Worldwide Clinical Trials Early Phase Services, LLC, the appellee in this case, and "Worldwide Clinical Trials Early Phase Services/Bioanalytical Services, Inc."

On January 10, 2013, forty-six days after CT Corp.'s rejection letter, Arnold responded by advising CT Corp. that the proper party to be served is known as "Worldwide Clinical Trials, Inc." Arnold's letter represents that: "[a]ccording to information from the Texas Secretary of State, CT Corporation is the registered agent of Worldwide Clinical Trials, Inc." CT Corp. again rejected Arnold's attempt at service. This time, in a letter dated January 16, 2013, CT Corp. informed Arnold it was rejecting service because "Worldwide Clinical Trials, Inc." had withdrawn from doing business in Texas on May 28, 2002, and that CT Corp. could therefore no longer accept service on its behalf. After this second rejection, Arnold sought service on February 27, 2013 through the Texas Secretary of State on "Worldwide Clinical Trials a/k/a WCT Corporation" at an address in Pennsylvania. The Texas Secretary of State verified that a return receipt from the Pennsylvania address was received on March 11, 2013.

WCT answered Arnold's lawsuit in its correct name, "Worldwide Clinical Trials Early Phase Services, LLC," and shortly thereafter moved for summary judgment on the ground of untimely service. The trial court granted WCT's motion and found there was no issue of misidentification and Arnold did not exercise diligence in serving the proper defendant within the sixty-day statutory window or thereafter. Arnold then moved for a new trial and reconsideration, which was denied by the trial court. Arnold subsequently perfected this appeal.

### ANALYSIS

Arnold contends the trial court erred by granting WCT's motion for summary judgment on the ground of untimely service. We review the trial court's ruling on a motion for summary judgment *de novo*. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). We must take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in its favor. *Id.* at 157. Where, as here, the motion for summary judgment is based on the affirmative defense of limitations, the defendant has the burden to conclusively

establish that defense, including the cause of action's accrual date. *See Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005).

Here, Arnold had sixty days to "bring a civil action" against WCT after she received her notice of the right to sue from the TWC. *See* TEX. LAB. CODE ANN. § 21.254 (West 2011). Texas courts have interpreted this requirement to mean the plaintiff must both "file her action *and* have the defendant served with process." *Tarrant County v. Vandigriff*, 71 S.W.3d 921, 924 (Tex. App.—Fort Worth 2002, pet. denied); *Boyattia v. Hinojosa*, 18 S.W.3d 729, 733 (Tex. App.— Dallas 2000, pet. denied). It is undisputed that: (1) Arnold's right to sue letter is dated October 16, 2012; (2) Arnold filed her petition on November 7, 2012; and (3) WCT's registered agent, CT Corp., received a copy of Arnold's petition within the statutory sixty-day period on November 26, 2012. However, the parties dispute whether Arnold's initial attempted service on CT Corp. was effective so that Arnold met the applicable sixty-day deadline.

Citing Rule 28 of the Texas Rules of Civil Procedure, Arnold contends her initial attempt to serve WCT through CT Corp. was effective service because she served WCT's registered agent using WCT's assumed name of "Worldwide Clinical Trials."[1] Rule 28 provides "[a]ny partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its … assumed or common name for the purpose of enforcing for or against it a substantive right." TEX. R. CIV. P. 28. Under Rule 28, "[t]he proper party is sued when that party is sued in its assumed or common name." *Chilkewitz v. Hyson*, 22 S.W.3d 825, 830 (Tex. 1999). Accordingly, Arnold's action was timely filed against WCT when she filed her petition against WCT using its assumed name.

---

[1] The record contains evidence to establish that "Worldwide Clinical Trials" is a common or assumed name for WCT, and WCT does not dispute this fact. *See Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 52 (Tex. 2003) (noting whether entity uses an assumed name is a question of fact).

Furthermore, it is undisputed that CT Corp. is WCT's registered agent. Under Texas law, a registered agent "is an agent of the entity on whom may be served any process, notice, or demand required or permitted by law to be served on the entity." TEX. BUS. ORGS. CODE ANN. § 5.201(b)(1) (West 2012). Because the law permits WCT to be sued in its assumed name, CT Corp. could be served with process using WCT's assumed name, and the record reflects that service was effected on CT Corp., and thereby on WCT, on November 26, 2012, prior to the expiration of the limitations period. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 274 (Tex. 2012) ("service effected on a registered agent within the scope of its agency is imputed to the litigant"). On that date, CT Corp. had the duty to receive or accept and forward the process or lawsuit to WCT. *See* TEX. BUS. ORGS. CODE ANN. § 5.206(a)(1) (West 2012).

WCT argues that CT Corp. had no obligation to forward the process to WCT because CT Corp. was the registered agent for a second entity that used the same common name. The dilemma faced by CT Corp. does not, however, alter the applicable law. By contracting to act as the registered agent of WCT, CT Corp. became WCT's agent on whom Arnold was entitled to serve the lawsuit she filed against WCT in its assumed name. *See Cummings v. HCA Health Servs. of Tex., Inc.*, 799 S.W.2d 403, 405 (Tex. App.—Houston [14th Dist.] 1990, no writ) (holding service on Hospital Corporation of America d/b/a Tidelands General Hospital was service on the assumed name and constituted service on HCA Health Services, Inc. d/b/a Tidelands General Hospital because CT Corporation System was the registered agent for both); *see also Chilkewitz*, 22 S.W.3d at 830 (holding suit filed naming "Morton Hyson, M.D." as defendant was suit against Morton Hyson, M.D., P.A. which used Morton Hyson, M.D. as an assumed or common name and association was served through its only officer and director who did business under the same name); *Northwest Sign Co. v. Jack H. Brown & Co., Inc.*, 680 S.W.2d 808, 808-09 (Tex. 1984) (holding service on registered agent Jack H. Brown was service on Jack H. Brown & Company

d/b/a Signgraphics even though Jack H. Brown was also the registered agent for Signgraphics, Inc.).

CONCLUSION

Because we hold service was effected on WCT's registered agent before the limitations period expired, we reverse the trial court's judgment and remand the cause to the trial court for further proceedings.

Catherine Stone, Chief Justice