**WALNUT EQUIPMENT LEASING COMPANY, INC., Petitioner,**

v.

**Wen Lung WU & Chyong Jan Wu d/b/a General Merchandising Company, Respondents.**

No. 95–1311.

Supreme Court of Texas.

April 12, 1996.

William A. Petersen, Jr., Houston, for Petitioner.

David M. Gunn, Bellaire, for Respondents.

PER CURIAM.

The issue in this case is whether the court of appeals had jurisdiction over Wen Lung and Chyong Jan Wu's appeal. The court of appeals concluded that it did. 909 S.W.2d 273. We disagree. Because the Wus did not timely file their motion for new trial, we hold that the court of appeals lacked jurisdiction. We reverse the judgment of the court of appeals and dismiss the appeal for want of jurisdiction.

Walnut Equipment Leasing Co., Inc. obtained a judgment against the Wus in a Pennsylvania court. On August 17, 1990, Walnut filed a petition in county court in Harris County, Texas under the Uniform Enforcement of Judgments Act (UEJA), Tex. Civ.Prac. & Rem.Code §§ 35.001–35.008, asking the trial court to domesticate the Pennsylvania judgment and accord it the same force and effect as if it were rendered in a Texas court. Walnut complied with all the requirements of the UEJA in filing its petition. On August 24, the Wus were served, and on September 12, they filed only a general denial. The Wus never challenged the Pennsylvania judgment by filing a stay of execution or a contest to its validity.

Nothing further occurred until September 29, 1992, when the trial court mailed Walnut a notice of intent to dismiss the case for want of prosecution, stating that the case would be dismissed unless Walnut's attorney set it for trial. In response, Walnut filed a request for a bench trial. Thereafter, the Wus filed an amended answer and Walnut filed an amended petition. This petition said nothing about the UEJA and incorporated by reference only the authenticated copy of the Pennsylvania judgment attached to the original petition. The parties tried the case, apparently as an action to enforce a judgment pursuant to § 35.008 of the Texas Civil Practice and Remedies Code, and on November 30, 1993, the trial court rendered judgment that the Pennsylvania judgment be given full faith and credit in Texas. On December 29, 1993, the Wus filed a motion for new trial, which was overruled.

In the court of appeals, Walnut argued by cross-point that the court lacked jurisdiction because the Wus had not timely filed their motion for new trial after Walnut had filed its original petition to enforce the Pennsylvania judgment. Walnut argued that the filing of a petition under the UEJA constitutes a final judgment which starts the time period for filing a motion for new trial. The court of appeals disagreed and held that the appellate timetable began to run on November 30, 1993, the date the trial court rendered judgment after the bench trial, and that the Wus timely filed their motion. 909 S.W.2d at 279. It so held because it concluded that although Walnut's original petition constituted a final Texas judgment pursuant to the UEJA, Walnut's amended petition effected the abandonment of a UEJA action and the initiation of an action to enforce a judgment. *Id.* at 278. The court of appeals erred by holding that Walnut's amended petition had any effect on the final judgment.

 As the court of appeals noted, *id.* at 277, when a judgment creditor proceeds under the UEJA, the filing of the foreign judgment comprises both a plaintiff's original petition and a final judgment. *See Lawrence Sys., Inc. v. Superior Feeders, Inc.,* 880 S.W.2d 203, 208 (Tex.App.—Amarillo 1994, writ denied); *see also Malone v. Emmert Indus. Corp.,* 858 S.W.2d 547, 548 (Tex. App.—Houston [14th Dist.] 1993, writ denied). Walnut's original petition complied with the UEJA in all respects. It became enforceable as a Texas judgment on the date it was filed, August 17, 1990. Tex.Civ.Prac. & Rem.Code § 35.003(b); *see id.* §§ 35.003(c), 35.006 (filed foreign judgment has same effect and is subject to same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed); *see also Mitchim v. Mitchim,* 518 S.W.2d 362, 364 (Tex.1975) (foreign judgment that appears valid and final makes prima facie case for party seeking to enforce it, and burden is on resisting party to prove judgment is not valid or final). Consequently, the Wus' amended answer, Walnut's amended petition, the ensuing bench trial, and the second judgment rendered by the trial court on November 30,

1993, were nullities. Tex.R.Civ.P. 301; *Mullins v. Thomas,* 136 Tex. 215, 150 S.W.2d 83, 84 (1941).

Because the Pennsylvania judgment filed in Texas on August 17, 1990, became a final, appealable judgment on that date, the Wus' motion for new trial and appeal were not timely. The court of appeals did not have jurisdiction. Accordingly, pursuant to Rule 170 of the Texas Rules of Appellate Procedure, this Court grants Walnut's application for writ of error and, without oral argument, reverses the opinion of the court of appeals and dismisses the appeal for want of jurisdiction.