Affirmed and Opinion filed, July 25, 2002









Affirmed and Opinion filed, July 25, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-00-01339-CV

____________

 

RICHARD URSO, M.D., Appellant

 

V.

 

LYON FINANCIAL SERVICES, INC., Appellee

 



 

On
Appeal from the 61st District Court

Harris County, Texas

Trial
Court Cause No. 99-62919

 



 

O P I N I O N

This is an interlocutory appeal from an appointment of a
receiver based on an “Application for Turnover after Judgment, Appointment of
Receiver, Appointment of Master in Chancery.”  However, rather than attacking the
appointment of the receiver, Urso, the appellant, attempts to attack the
underlying default judgment.  Finding
that Urso has not given this court any argument or authority for why the court
should not have appointed the receiver, other than grounds that must be raised
in a bill of review proceeding, we affirm.








Factual and Procedural Summary

Lyon Financial sued Urso in Minnesota court for deficiencies
on a medical equipment lease.  Urso did
not file an answer in this lawsuit, and on November 2, 1999, the Minnesota
court rendered judgment against Urso in the amount of $354,267.55 plus
interest.  On December 22, 1999, Lyon
Financial filed the Minnesota judgment in a Texas court.  Under the Uniform Enforcement of Foreign
Judgments Act (AUEFJA@), the filing of the Minnesota judgment on December 22, 1999
rendered it a final Texas judgment.  Urso
did not respond to this filing and, in fact, claims that he did not receive
notice of filing.  

Several months later, Lyon Financial filed an “Application
for Turnover after Judgment, Appointment of Receiver, and Appointment of Master
in Chancery.”  Urso’s
response to this application, which Urso filed on September 15, 2000, marked
his first appearance in either lawsuit. 
In this response, Urso argued he did not receive notice of the Minnesota
suit or the Texas filing to enforce it.[1]  In spite of these complaints, that same day,
September, 15, 2000, the trial court appointed a receiver.  Urso perfected appeal from this order on
October 25, 2000.[2]  See Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014(a)(1)
(Vernon 1997) (allowing interlocutory appeal from the appointment of a
receiver).  








On appeal, Urso again claims that he did not receive notice
of either suit.  He also attacks the
authenticity of the Minnesota judgment and contends that it is not final on its
face. In his appellate brief, Urso does not attack the appointment of the
receiver.  However, Urso’s
notice of appeal recites that he “is appealing from the Order Appointing
Receiver and Order of Reference signed by the court on September 15, 2000.”  We will address two issues raised by Urso=s appeal, although not necessarily
addressed by Urso: first, whether he has raised sufficient grounds for this
court to reverse the appointment of the receiver, and second, whether he can
attack the foreign judgment or the Texas judgment in this proceeding.

Discussion and
Holding

A.        The
Appointment of the Receiver.

Urso’s notice of appeal identifies the
order appointing a receiver as the order appealed from; our review is confined
to complaints related to that order.  See Tex. R. App. P. 25.1(d)(2);  Gorham v.
Gates ex rel. Estate of Badouh, ___S.W.3d ___,
2002 WL 185488 *3 n.6 (Tex. App.CAustin, pet. denied); Bynog v. Prater, 60 S.W.3d 310, 314 (Tex.
App.CEastland 2001, pet. denied) (holding
that appellant presented nothing for review concerning complaints related to
motion to reinstate because notice of appeal designated order of dismissal as
order from which she appealed).  This is
especially true here, when the vehicle for review is an interlocutory
appeal.  The legislature has declared
that only certain narrow issues may be brought by interlocutory appeal, and an
attack on an allegedly void judgment is not one of them.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014 (Vernon 1997); Diana Rivera & Assocs., P.C. v. Calvillo, 986
S.W.2d 795, 797 (Tex. App.CCorpus Christi 1999, pet. denied).  Since Urso has presented us with neither
argument nor authority for why the receiver should not have been appointed, he
has presented nothing for our review on this issue.  See Tex.
R. App. P. 38.1(h).

B.        Urso’s Attack
on the Texas Judgment and the Foreign Default Judgment.  








Even though Urso has not attacked the appointment of the
receiver here on appeal, his argument below was that there should be no
receiver because the underlying foreign judgment was void.  He raises this argumentCthat the underlying foreign judgment
was voidCagain on appeal without connecting it
to the appointment of the receiver.  In
essence, he wants this court to go behind the appointment of the receiver and
set aside the judgment itself.  As we
explain below, in this forum we cannot do that. 
In order to understand why we cannot address his attack on the allegedly
void judgment, we must briefly review the rules concerning the enforcement of
foreign judgments as well as our state=s procedural rules regarding attacks
on allegedly void judgments.  We turn
first to the enforcement of foreign judgments.

The United States Constitution requires that a final judgment
of a sister state be given the same force and effect it would be entitled to in
the rendering state.   U.S. Const. art. IV, ' 1.  A properly filed foreign judgment has the
effect of initiating an enforcement proceeding and instantly rendering a valid
Texas judgment.  Walnut
Equip. Leasing Co. v. Wu, 920 S.W.2d 285, 286 (Tex. 1996).  A foreign judgment is subject to the same
procedures, defenses, and proceedings for reopening, vacating, staying,
enforcing or satisfying as a judgment of the rendering court.  Tex.
Civ. Prac. & Rem. Code Ann. ' 35.003(c) (Vernon 1997).

In addition, Texas case law has compared the filing of a
foreign judgment under section 35.003 to the entry of a no-answer default
judgment, for the debtor does not have an opportunity to defend himself before
the judgment is considered final, Moncrief
v. Harvey, 805 S.W.2d 20, 22B23 (Tex. AppCDallas 1991, no writ), and has held
that our appellate timetables apply to a foreign judgment filed in Texas.  Id. at 22B25; Wu, 920 S.W.2d at 286; Harbison-Fischer Mfg. Co., Inc. v. Mohawk Data
Sciences Corp., 823 S.W.2d 679, 682 (Tex. App.CFort Worth 1991), judgment set
aside by agr., 840 S.W.2d 383 (Tex. 1992). 








Applying this general law to this specific case, when Lyon
Financial filed its petition and judgment under the UEFJA, it became a final
Texas judgment on December 22, 1999.  See
Wu, 920 S.W.2d at 286.  Beginning on December 22, Urso had 30 days to
move for a new trial or otherwise attack the judgment.  See Moncrief,
805 S.W.2d at 22B23; Tex. R. Civ. P. 329b(a).  If Urso had
filed a motion for new trial, the court would have had authority to set aside
the judgment until 30 days after the motion for new trial was overruled (either
by lawCa total of 75 daysCor by the court).[3]  See Tex.
R. Civ. P. 329b(c), (e).  Once the trial court’s plenary jurisdiction
expired, the trial court could set aside the judgment only with a timely filed
bill of review.  Tex. R. Civ. P. 329b(f).[4]  The applicable procedural rule, Rule 329b(f),
states this very directly:  “On
expiration of the time in which the trial court has plenary power, a judgment
cannot be set aside by the trial court except by bill of review for sufficient
cause, filed within the time allowed by law . . . . ”  Id.

The Texas Supreme Court said it a slightly different
way:  “[W]e construe the . . . provision
of Rule 329-b to mean that when the time for filing a motion for new trial has
expired and relief may not be obtained by appeal, a proceeding in the nature of
a bill of review is the exclusive method of vacating a default judgment
rendered in a case in which the court had jurisdictional power to render it.”  McEwan v. Harrison, 345 S.W.2d 706, 710 (Tex. 1961).  “Into this category will fall those cases in
which a default judgment is asserted to be void for want of service, or of
valid service, of process.”[5]  Id. (Justice Calvert
writing for the court and construing former Rule 329-b).

In short, then, in September of 1999, nine months after the
Minnesota judgment became a valid Texas judgment, Urso’s only method of attacking
the judgment was by a bill of review.  See
Tex. R. Civ. P. 329b(f); Baker
v. Goldsmith, 582 S.W.2d 404, 406B08 (Tex. 1979) (stating that a bill
of review is an independent equitable action brought to set aside a judgment
that is no longer appealable or subject to motion for new trial).

We also note, in the event Urso is attempting to make this
argument, that we cannot construe his response to the application for turnover
as a bill of review.  A bill of review is
a new suit filed in the same court rendering the original judgment.  Goldsmith, 582 S.W.2d at 408
(outlining the proper procedures of a bill of review proceeding).  The petition must be verified and must
ordinarily allege factually and with particularity that the prior judgment was
rendered as a result of fraud, accident or wrongful act of the opposite party
unmixed with his own negligence, and must allege with particularity sworn facts
sufficient to constitute a meritorious defense. 
Id.  However, if the bill
of review petitioner establishes lack of proper service, a party is not required
to plead or prove due diligence, Texas Indus., Inc. v. Sanchez, 525
S.W.2d 870, 871 (Tex. 1975), or a meritorious defense.  Peralta v. Heights Med. Ctr., 485 U.S.
80, 85-86 (1988) (holding that Texas bill of review procedure, which required a
showing of a meritorious defense even when the defendant receives no notice of
suit, violated the due process clause); Goldsmith, 582 S.W.2d at
408.  

At this juncture, Urso can attack the judgment(s) only by a
bill of review.  See Goldsmith,
582 S.W.2d at 408. 
Moreover, we cannot consider Urso=s response to the application for
turnover as a bill of review because it does not meet two primary criteria for
a bill of review:  (1) a verified, (2)
new, independent suit.  See id.;
McEwen v. Harrison, 345 S.W.2d at 710.  




                                                              conclusion

In summary, because Urso has raised no grounds for why the
court should not have appointed the receiverCother than grounds that must be
raised in a bill of review proceedingCwe affirm the order of the trial
court.

 

 

/s/        Wanda McKee
Fowler

Justice

 

 

Judgment rendered and Opinion filed July 25, 2002.

Panel consists of Chief Justice Brister and Justices Fowler and Seymore.

Publish C Tex.
R. App. P. 47.3(b).

 











[1]  Urso contends
that he first received notice of the foreign judgment and the Texas suit to
enforce it when he was served with a writ of execution. 





[2]  Normally, a
notice of appeal on an interlocutory appeal must be filed within 20 days of the
order.  See Tex. R. App. P. 26.1(b), 28.1.  Although this notice of appeal was filed
beyond that deadline, Urso requested, and was granted, an extension of time in
which to file his notice of appeal.  





[3]  Or, if Urso
had not learned of the judgment filing within this period, but learned of it
within ninety days, he had an additional thirty days from his notice date to
attack the judgment.  See Tex. R. Civ. P. 306a(4).






[4]  Within six
months after the judgment was filed on December 22, Urso could have filed a
restricted appeal, Tex. R. App. P.
26.1(c), but this would have by-passed the trial court and gone directly to the
court of appeals.  And, in any event,
when Urso appeared in the case on September 15, 1999, the time for a restricted
appeal had passed.





[5]  This is in
contrast with a case over which the court had no subject matter jurisdiction or
no jurisdictional power, such as if a county criminal court at law, which is
empowered to hear only misdemeanor cases, hears a felony case (no subject
matter jurisdiction) or if a default judgment is rendered after a case has been
removed to federal court (no jurisdictional power).  Id. at 710B11.