**Opinion issued May 2, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00477-CV

————————————

## AMERICAN RODSMITHS, INC., ROBERT SCHERER AND SANDRA SCHERER, Appellants

## V.

## GLV INTERNATIONAL, INC., Appellee

———————————————————————————————————————

### On Appeal from the 152nd District Court
### Harris County, Texas
### Trial Court Case No. 2012-08551

———————————————————————————————————————

### MEMORANDUM OPINION

In a Texas proceeding to domesticate a state of Washington judgment, appellants, American Rodsmiths, Inc. ("ARS"), Robert Scherer, and Sandra Scherer, challenge the jurisdiction of a Washington state district court to enter the

judgment in favor of appellee, GLV International, Incorporated ("GLV"), against ARS, Robert Scherer, and "Jane Doe Scherer." Concluding that we lack jurisdiction, we dismiss the appeal.

## Background

On December 2, 2010, GLV sued ARS, Robert Scherer, and "Jane Doe Scherer," "Husband and Wife and the Marital Community Comprised Thereof" in the Washington state district court for breach of contract, unjust enrichment, and the enforcement of a personal guaranty on a debt. On September 23, 2011, the Washington district court granted GLV summary judgment against ARS, Robert Scherer, and "Jane Doe" Scherer, awarding damages in the amount of $342,497.13. ARS and Robert Scherer appealed the summary judgment on November 22, 2011.

On February 9, 2012, GLV filed a petition in the Harris County district court below to enforce the Washington judgment against ARS, Robert Scherer, and his wife, Sandra Scherer. On March 8, 2012, ARS, Robert Scherer, and Sandra Scherer filed a motion, seeking to stay enforcement of the Washington judgment.[1] They further challenged the judgment on the ground that it was entered against

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 35.006 (Vernon 2008).

Sandra Scherer in violation of her due process rights.[2]  On May 18, 2012, the trial court granted the stay indefinitely.

## Dismissal

This Court notified the parties that it intended to dismiss the appeal for want of jurisdiction and invited briefing on the issue.  *See* TEX. R. APP. P. 42.3(a). Appellants are challenging the Washington judgment that was rendered final and enforceable in Texas when GLV filed it in the Harris County district court in compliance with the Uniform Enforcement of Foreign Judgments Act ("UEFJA"). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 35.003 (Vernon 2008) (instructing district court clerk to treat the foreign judgment in same manner as judgment of that court itself); *Walnut Equip. Leasing Co. v. Wu*, 920 S.W.2d 285, 286 (Tex. 1996). The filing of the foreign judgment effectively comprises both a plaintiff's original petition and a final judgment.  *Wu*, 920 S.W.2d at 286.

The enforcement of a foreign judgment may be stayed.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 35.006 (Vernon 2008).  However, section 35.006 does not provide that such an order is appealable.  And, here, the order granting the stay does not dispose of all the issues and parties, specifically, appellants' attack on the jurisdiction of the Washington district court.  *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001).

---

[2]      *See* U.S. CONST. amend. XIV.

3

A foreign judgment filed in a Texas court is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing or satisfying a judgment as a judgment of the court in which it is filed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 35.003; *Wu*, 920 S.W.2d at 286. The judgment debtor may then initiate the same defenses and proceedings for reopening, vacating, or staying a final judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(c).

In support of their assertion that this Court should view their motion to stay the enforcement, which included a challenge to the Washington court's jurisdiction, as a motion for new trial, which was in effect denied, appellants rely on *Moncrief v. Harvey*, 805 S.W.2d 20 (Tex. App.—Dallas 1991, no pet.). Appellants acknowledge that their jurisdictional challenge was not addressed by the trial court, but nevertheless, argue that it was overruled by operation of law after seventy-five days. However, in *Moncrief*, the court simply addressed the appellate timetables for attacking a foreign judgment. 805 S.W.2d at 22. The purpose of making a procedural comparison of a motion to contest enforcement of a foreign judgment to a motion for new trial is to note that a trial court has the same extended period of time to review a motion to contest a foreign judgment as it would have if a party filed a motion for new trial. *Counsel Fin. Servs, L.L.C. v. David McQuade Leibowitz, P.C.*, 311 S.W.3d 45, 52 (Tex. App.—San Antonio 2010, pet. denied) (noting that "[t]o compel a judgment debtor to perfect an appeal

4

within thirty days of the filing of the foreign judgment would minimize the trial court's opportunity to review the debtor's motion to contest recognition of the foreign judgment."). Thus, the court in *Moncrief* "merely explain[ed] that for the purposes of appellate timetables, a motion to stop enforcement of a judgment filed pursuant to the UEFJA operates procedurally as a motion for new trial." *Id*. at 53.

Here, the Harris County district court granted appellants the relief that they requested—a stay of the enforcement of the Washington judgment. And it did not dispose of all the issues and parties. Accordingly, we conclude that we do not have jurisdiction over the appeal.

## Conclusion

We dismiss the appeal.

## PER CURIAM

Panel consists of Justices Jennings, Bland, and Massengale.