ACCEPTED
04-15-00350-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/7/2015 10:12:27 AM
KEITH HOTTLE
CLERK

## No. 04-15-00350-CV

IN THE COURT OF APPEALS FOR THE
FOURTH JUDICIAL DISTRICT OF TEXAS
SAN ANTONIO

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
7/7/2015 10:12:27 AM
KEITH E. HOTTLE
Clerk

**Jack Rettig,**
**Appellant**

**v.**

**Ronald Bruno, et al.,**
**Appellees**

Appeal from the 111th District Court of Webb County, Texas

**APPELLANT JACK RETTIG'S**
**REPLY IN SUPPORT OF HIS MOTION TO ABATE APPEAL**

LAW OFFICE OF
AUDREY MULLERT VICKNAIR

Audrey Mullert Vicknair
State Bar No. 14650500
802 N. Carancahua Ste. 1350
Corpus Christi, Texas 78401-0022
(361) 888-8413; (361) 887-6207 fax
avicknair@vicknairlaw.com

Fritz Byrne Head & Fitzpatrick
PLLC

C. M. Henkel III
State Bar No. 09463000
500 North Shoreline, Ste. 901
Corpus Christi, Texas 78401
(361) 883-1500; (361) 888-9149 fax
skip@cmhenkel.com

*Attorneys for Appellant Jack Rettig*

1

TO THE HONORABLE FOURTH COURT OF APPEALS:

COMES NOW Appellant Jack Rettig and files this Reply in Support of his Motion to Abate Appeal, and for cause would show:

Rettig would point out preliminarily that a review of Garcia's Response to the Motion to Abate makes clear that the only party who has any ***purported*** basis to seek relief from the foreign judgment is Mendoza – he is the only party alleging lack of service in the case; Garcia simply piggy-backed Mendoza's motion to vacate in Webb County, asserting that if Mendoza prevails, Garcia somehow prevails too. Garcia raised no independent grounds to vacate the judgment, nor could he, given he fully participated in the federal court action and has a valid, subsisting judgment against him. Mendoza is the only party who filed a Rule 60 Motion for Relief from Judgment in the foreign court. No other party to the foreign judgment (Lopez, Williams, and Bruno) filed and/or sought an order on any motion in state or federal court.

Yet it is ***Garcia*** who filed a Response to Rettig's Motion to Abate, relying on grounds for relief available only to Mendoza. Then Mendoza simply adopted that Response. Garcia's Response must be rejected out of hand because he has no basis to object to this abatement, given that it is not his Rule 60 Motion that is pending in federal court. The abatement should be granted.

But even more important, it cannot be legitimately contested that the foreign court's ruling on the integrity of its Judgment has a great effect on the Webb County Court's Orders vacating that very judgment as domesticated in Texas. A filed foreign judgment comprises both a plaintiff's original petition and a final judgment, and it becomes enforceable as a Texas judgment on the date it is filed. *Walnut Equip. Leasing Co., Inc. v. Wu*, 920 S.W.2d 285, 286 (Tex. 1996). The burden then shifts to the judgment debtor to establish why the judgment cannot be given full faith and credit. *Wu*, 920 S.W.2d at 926 (citing *Mitchim v. Mitchim*, 518 S.W.2d 362, 364 (Tex. 1975) ("foreign judgment that appears valid and final makes prima facie case for party seeking to enforce it, and burden is on resisting party to prove judgment is not valid or final"); *Bahr v. Kohr*, 928 S.W.2d 98, 100 (Tex.App.—San Antonio 1996, writ denied).

To establish the foreign judgment is not entitled to full faith and credit in Texas, Mendoza had to show: (1) the foreign judgment is interlocutory (not argued by Mendoza here); (2) the foreign judgment is subject to modification ***under the law of the rendering state*** (the basis for Mendoza's Federal Rule 60 motion in the foreign court); (3) the ***rendering state*** lacked jurisdiction (same); (4) the foreign judgment was procured by extrinsic fraud (not argued here); and (5) the time to file the domestication action has expired (not argued here).

Mendoza has availed himself of an avenue for relief *in the rendering state* by filing a Rule 60 Motion for Relief from Judgment in federal court. Under Rule 60, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding." FED. R. CIV. P. 60(b). If Mendoza succeeds on his Rule 60 motion, then he may be relieved from the foreign judgment that has been domesticated in Texas. If he fails on his Rule 60 Motion, then the foreign court will have upheld its judgment against Mendoza's attack and the Webb County Court's Orders vacating the domesticated foreign judgment must be reconsidered, because the foreign judgment cannot be denied full faith and credit.

As of the time of this writing the Federal Court still has not ruled on Mendoza's Rule 60 Motion. Rettig prays this Court to abate this appeal so that the foreign court can rule on the pending Motion for Relief from Judgment. That ruling directly affects the trial court's orders and this appeal. Judicial economy and conservation of resources way strongly in favor of this abatement.

Rettig so prays.

## **PRAYER**

WHEREFORE, Appellant Jack Rettig prays the Court to ABATE this appeal until the foreign court – the Louisiana federal court -- rules on Appellee Mendoza's pending Rule 60 Motion for Relief from Judgment and the Webb County Court has

4

the opportunity, as necessary, to rule on Rettig's Motion to Vacate, Modify, Correct or Reform. Rettig prays for all other relief to which he is entitled.

Respectfully submitted,

*/s/ Audrey Mullert Vicknair*
Audrey Mullert Vicknair
State Bar No. 14650500
**LAW OFFICE OF AUDREY MULLERT VICKNAIR**
802 N. Carancahua Ste. 1350
Corpus Christi, TX 78401-0022
(361) 888-8413; (361) 887-6207 fax
avicknair@vicknairlaw.com

C. M. HENKEL III
State Bar No. 09463000
**FRITZ, BYRNE, HEAD & FITZPATRICK, PLLC**
500 North Shoreline, Ste. 901
Corpus Christi, Texas 78401
(361) 883-1500; (361) 888-9149 fax
skip@cmhenkel.com
*Attorneys for Appellant Jack Rettig*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served in accordance with the Texas Rules of Appellate and Civil Procedure, on counsel named below, on this the __7th__ day of July, 2015.

Lance H. Beshara – *counsel for Mendoza*
PULMAN CAPPUCCIO
PULLEN BENSON & JONES, LLP
2161 N.W. Military Hwy., Suite 400
San Antonio, Texas 78213

Jana K. Terry – *counsel for Garcia*
BECKSTEAD TERRY P.L.L.C.
9442 N. Capital of Texas Hwy.
Arboretum Plaza One, Suite 500
Austin, Texas 78759

Carlos Evaristo Flores – *counsel for Lopez, foreign judgment defendant*
PERSON, WHITWORTH, BORCHERS & MORALES, LLP
602 E. Calton Road, 2nd Floor
P.O. Drawer 6668
Laredo, Texas 78042-6668

Darrell W. Cook – *counsel for Williams, foreign judgment defendant*
Darrell W. Cook & Associates, P.C.
One Meadows Building
5005 Greenville Ave., Ste. 200
Dallas, Texas 75206

By tex.gov electronic filing system

Ronald E. Bruno – *foreign judgment defendant*
2838 Woodside Street
Dallas, Texas 75204

By U.S. Mail

*/s/ Audrey Mullert Vicknair*
Audrey Mullert Vicknair