**Opinion issued July 6, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-22-00218-CV**

————————————

**ATLAS SURVIVAL SHELTERS, LLC, Appellant**

**V.**

**G. R. ISIDRO, Appellee**

---

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-07486**

---

**O P I N I O N**

Appellant Atlas Survival Shelters, LLC ("Atlas LLC") appeals from appellee

G.R. Isidro's attempted domestication of a Mississippi judgment in Texas under the

Uniform Enforcement of Foreign Judgments Act ("UEFJA"). TEX. CIV. PRAC. &

REM. CODE § 35.001 *et seq.* In two issues, Atlas LLC contends that the judgment

below should be reversed, or alternatively, that this appeal should be dismissed for lack of jurisdiction because Isidro failed to comply with the mandatory requirements of the UEFJA.

Because there is no final Texas judgment from which an appeal may be taken, we dismiss the appeal for lack of appellate jurisdiction.

## Background

On February 9, 2022, Isidro filed a "Filing of Foreign Judgment" in Cause No. 2022-07486, in Harris County, Texas, pursuant to the UEFJA. In that filing, Isidro stated that a judgment was signed on December 3, 2019, in Cause No. 2019-142S in the Circuit Court of Walthall County, Mississippi, in the amount of $70,000 in favor of Shirley Allen ("Allen") and against Atlas LLC. Isidro also stated that the Mississippi judgment, which was attached to his filing, was assigned to him on October 7, 2021.

Isidro asserted below that the Mississippi judgment should be treated in the same manner as a Texas judgment, as provided for by the UEFJA, because it was authenticated in accordance with the UEFJA. *See* TEX. CIV. PRAC. & REM. CODE § 35.003.

Isidro attached several other documents to his "Filing of Foreign Judgment." They include: a "Motion to Correct Default Judgment Order and Other Relief," an "Order of Correction," and a "Corrected Default Judgment Order." These

2

documents show that a corrected judgment was signed by the Mississippi court on July 9, 2021, nunc pro tunc, changing the name of the defendant/judgment debtor from "Atlas Shelters" to "Atlas Survival Shelters, Inc." Under the corrected judgment, "the relief sought by the Plaintiff, Shirley Allen[,] in the amount of $70,000 [was] granted and entered against the Defendant, ******Atlas Survival Shelters, Inc**." (Emphasis in original).

Additionally, Isidro attached an attestation by the Walthall County Circuit Clerk authenticating the Mississippi judgment[1] and his own "Affidavit on Filing Foreign Judgment Pursuant to Uniform Enforcement of Foreign Judgments Act," in which he averred that:

> "I am the successor-in-interest to Shirley Allen, the original judgment creditor. I hold a judgment entered 3 December 2019 against Atlas Survival Shelters, LLC, in Cause No. 2019-142S in the Circuit Court of Walthall County, Mississippi. An authenticated copy of the judgment has this day been filed with the clerk of the above-captioned court.
>
> The name and last known post office address of the judgment debtor is:
> Atlas Survival Shelters, LLC
> 200 C M H Road
> Sulphur Springs, Texas, 75482

---

[1] We note that the certificate signed by the Walthall County Circuit Court judge incorrectly states that the judgment was entered in the case of "Shirly P. Allen vs. ATLAS SURVIVAL SHELTERS, LLC." Atlas LLC does not challenge the validity of the authentication of the Mississippi judgment in this appeal.

3

Although nothing further occurred in the trial court below, Atlas LLC instituted this appeal on March 24, 2022.[2]

### Compliance with the UEFJA

In two issues, Atlas LLC asserts that we should reverse and remand because it is not the judgment debtor in the Mississippi judgment and, therefore, Isidro failed to comply with the mandatory requirements of the UEFJA. Alternatively, Atlas LLC contends that this Court lacks appellate jurisdiction due to Isidro's failure to comply with the requirements of the UEFJA and that we should dismiss the appeal.[3] We agree, in large part, with these points.

### A.    The UEFJA

The UEFJA provides a means by which an authenticated copy of a foreign judgment may be filed in a Texas court of competent jurisdiction and become a final and enforceable Texas judgment. TEX. CIV. PRAC. & REM. CODE § 35.003; *see Walnut Equip. Leasing Co. v. Wu*, 920 S.W.2d 285, 286 (Tex. 1996). The United States Constitution requires each state to afford full faith and credit to the judicial proceedings of every other state. *See* U.S. CONST. art. IV, § 1. Accordingly, a judgment creditor may choose to seek enforcement of a foreign judgment in Texas,

---

[2]    We granted Atlas LLC's motion for extension of time to file its notice of appeal. TEX. R. APP. P. 26.3.

[3]    Isidro did not file an appellee's brief.

4

under the UEFJA, by filing an authenticated copy of the foreign judgment with the clerk of any Texas court. TEX. CIV. PRAC. & REM. CODE § 35.003(a).

When a judgment creditor files a foreign judgment in a Texas court under the UEFJA, the judgment creditor must also file an affidavit stating its own address, as well as the name and last known post office address of the judgment debtor. *Id.* § 35.004(a). Additionally, the judgment creditor must promptly mail notice of the filing to the judgment debtor at the address provided in the affidavit and file proof of that mailing with the clerk of the Texas court. *Id.* § 35.004(b).

A foreign judgment that is authenticated and filed in a Texas court, as required by the UEFJA, shall be treated in the same manner as a judgment of that Texas court. *Id.* § 35.003(a)–(b). In that event, the foreign judgment has the same effect, and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment, as a judgment of a Texas court. *Id.* § 35.003(c).

In other words, once a foreign judgment is authenticated and filed in a Texas court in compliance with the UEFJA, it becomes a final, enforceable judgment in Texas. *See Walnut Equip.*, 920 S.W.2d at 286; *Moncrief v. Harvey*, 805 S.W.2d 20, 22 (Tex. App.—Dallas 1991, no writ) ("When a judgment creditor chooses to proceed under section 35.003, however, the filing of a foreign judgment partakes of the nature of both a plaintiff's original petition and a final judgment: the filing

5

initiates the enforcement proceeding, but it also instantly creates a Texas judgment that is enforceable.").[4] Stated conversely, if a foreign judgment is not authenticated and filed in a Texas court in compliance with the UEFJA, it does not become a final, enforceable Texas judgment. *Siddiqui v. NextGear Cap., Inc.*, 655 S.W.3d 654, 657 (Tex. App.—Amarillo 2022, no pet.) ("Compliance with the components of the Act [is] essential to having a valid Texas judgment."). Without a final, enforceable Texas judgment, post-judgment deadlines are not triggered. *See* TEX. CIV. PRAC. & REM. CODE § 35.003(c); TEX. R. CIV. P. 329b (a), (g) (stating that motion for new trial or motion to modify final judgment must be filed within thirty days of date judgment is signed).

## B. Analysis

Atlas LLC argues that Isidro's "Affidavit on Filing Foreign Judgment Pursuant to Uniform Enforcement of Foreign Judgments Act" does not comply with the UEFJA because it lists the wrong entity, and notice was mailed to the wrong entity, as the judgment debtor in the Mississippi judgment. As a result, according to Atlas LLC, there is no final and enforceable Texas judgment.

---

[4] *See also Res. Health Servs., Inc. v. Acucare Health Strategies, Inc.*, No. 14-06-00849-CV, 2007 WL 4200587, at *1 (Tex. App.—Houston [14th Dist.] Nov. 29, 2007, no pet.) (mem. op.) ("If a judgment creditor follows all the procedures of the [UEFJA], the foreign judgment becomes a Texas judgment in the court in which it is filed."); *Urso v. Lyon Fin. Servs., Inc.*, 93 S.W.3d 276, 279 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("A *properly filed* foreign judgment has the effect of initiating an enforcement proceeding and instantly rendering a valid Texas judgment." (emphasis added)).

To properly domesticate a foreign judgment in Texas under the UEFJA, a judgment creditor must comply with the following statutory requirements:

1. File a "copy of a foreign judgment authenticated in accordance with an act of congress or a statute of this state . . . in the office of the clerk of any court of competent jurisdiction of this state[;]"

2. At the same time as the filing of the judgment, file with the clerk of the court an affidavit showing the name and last known post office address of the judgment debtor and the judgment creditor;

3. Promptly mail notice of the filing of the foreign judgment to the judgment debtor at the address provided for the judgment debtor in the affidavit;

4. File proof of mailing of the notice to the judgment debtor with the clerk of the court; and

5. Pay the applicable filing fees.

TEX. CIV. PRAC. & REM. CODE §§ 35.003(a), 35.004(a)–(b), 35.007.

Compliance with these requirements of the UEFJA is essential to having a final, enforceable Texas judgment. *Walnut Equip.*, 920 S.W.2d at 286 (noting that because Walnut's "original petition complied with the UE[F]JA in all respects[,] [i]t became enforceable as a Texas judgment on the date it was filed"); *Siddiqui*, 655 S.W.3d at 657.[5] Failure to do so, results in a procedural (though not jurisdictional)

---

[5]     *See also Carter v. Jimerson*, 974 S.W.2d 415, 417 (Tex. App.—Dallas 1998, no pet.) ("An essential prerequisite to application of the [UEFJA] is compliance with its provisions. The filing of a foreign judgment is effective under the [UEFJA] only if the filing party follows the statutory requirements of authentication, filing, and notice." (internal citations omitted)); *Lawrence Sys., Inc. v. Superior Feeders, Inc.*, 880 S.W.2d 203, 208 (Tex. App.—Amarillo 1994, writ denied) ("The primary

7

bar to the domestication of a foreign judgment in Texas under the UEFJA. *See Tanner v. McCarthy*, 274 S.W.3d 311, 316–17 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (explaining that failure to file required affidavit under UEFJA was procedural bar to domestication of foreign judgment but did not affect "the jurisdiction of the trial court to consider an action under the UEFJA").

For example, in *Siddiqui*, the court of appeals explained that the filing of an affidavit with the clerk of the court providing the parties' names and addresses is mandatory under the UEFJA. 655 S.W.3d at 658. Because the affidavit filed by the judgment creditor in *Siddiqui* failed to state that the facts represented within the affidavit were true and did not demonstrate that the affiant had personal knowledge of its contents, the affidavit was deficient and did not comply with the filing requirements of the UEFJA, precluding domestication of the Indiana judgment.[6] *Id.* at 657–58.

In *Love v. Moreland*, the judgment creditor filed only an abstract, or transcript, of the foreign judgment, not a copy of the judgment itself. 280 S.W.3d 334, 337 (Tex. App.—Amarillo 2008, no pet.). The court of appeals in *Love* held that because

---

purpose for filing a foreign judgment in Texas is enforcement, and an essential prerequisite to enforcement is compliance with the provisions of the [UEFJA].").

[6] *See also Tayob v. Quarterspot, Inc.*, No. 05-15-00897-CV, 2016 WL 7163842, at *3 (Tex. App.—Dallas Nov. 28, 2016, no pet.) (mem. op.) (explaining that filing affidavit with clerk of the court providing parties' names and addresses is mandatory requirement of UEFJA, and judgment creditor's failure to file proper affidavit resulted in noncompliance with filing requirements of UEFJA, requiring reversal).

the judgment creditor did not file the foreign judgment itself, as required by the UEFJA, the terms of the UEFJA "never [i]nured to her benefit" and the judgment debtor was not required to attack the foreign judgment within thirty days. *Id.* (citing TEX. CIV. PRAC. & REM. CODE § 35.003(c); TEX. R. CIV. P. 329b (a), (g)). "In other words, tendering the 'transcript' was not tantamount to entry of a final [Texas] judgment thereby limiting to thirty days the time period within which [the judgment debtor] had to attack it." *Id.* at 337. The court of appeals further held that, because there was not a final Texas judgment, the trial court retained its jurisdiction to adjudicate the validity of the purported notice of filing of a foreign judgment. *Id.* at 337–38.

Similarly, in *Resource Health Services, Inc. v. Acucare Health Strategies, Inc.*, the judgment creditor filed an affidavit in a Texas court seeking to enforce a Virginia judgment under the UEFJA. No. 14-06-00849-CV, 2007 WL 4200587, at *1 (Tex. App.—Houston [14th Dist.] Nov. 29, 2007, no pet.) (mem. op.). Although the judgment creditor filed an affidavit, it failed to file the Virginia judgment in the Texas trial court. *Id.* The court of appeals held that because the judgment creditor failed to satisfy the UEFJA's requirement that an authenticated copy of the judgment be filed, there was not a final and enforceable Texas judgment. *Id.* Accordingly, without a final and enforceable Texas judgment, the court of appeals was required to dismiss the appeal for lack of appellate jurisdiction. *Id.* at *1–2.

As these cases demonstrate, a failure to comply with the UEFJA does not deprive a trial court in Texas of jurisdiction to consider an action under the UEFJA. Rather, until the requirements of the UEFJA are met, the foreign judgment is not considered to be final or domesticated in Texas as a matter of law.

Turning to the facts of this case, the face of Isidro's "Affidavit on Filing Foreign Judgment Pursuant to Uniform Enforcement of Foreign Judgments Act" shows that it fails to comply with the requirements of the UEFJA. Specifically, the affiant must state the "name and last known post office address of the judgment debtor" and that notice of the UEFJA filing was mailed to that same judgment debtor. TEX. CIV. PRAC. & REM. CODE § 35.004(a)–(b). The corrected Mississippi judgment clearly shows that the defendant/judgment debtor is "Atlas Survival Shelters, Inc."— not "Atlas Survival Shelters, LLC," as stated in Isidro's affidavit.

Accordingly, because Isidro's required affidavit under the UEFJA misidentifies the judgment debtor as "Atlas Survival Shelters, LLC" and reflects that the required notice was also given to the wrong entity, we hold that Isidro has not satisfied the mandatory requirements of the UEFJA. As a result, the filing of the foreign judgment in this case did not "create[] a Texas judgment that is enforceable." *See Moncrief*, 805 S.W.2d at 22; *see also Res. Health Servs.*, 2007 WL 4200587, at *1 ("Furthermore, Acucare has not satisfied the [UEFJA's] requirement that an authenticated copy of the judgment be filed. Therefore, there is no Texas judgment

10

under the [UEFJA]."). In other words, Isidro's "Filing of Foreign Judgment," which did not comply with the UEFJA's mandatory requirements, did not result in a final Texas judgment in the trial court, and did not trigger any post-judgment deadlines. *See Love*, 280 S.W.3d at 337–38.

Because there is not a final, enforceable Texas judgment in the trial court below that Atlas LLC can appeal, we must dismiss this appeal for lack of appellate jurisdiction.[7] *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011) ("Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over final judgments."); *Walnut Equip.*, 920 S.W.2d at 286 (noting that because judgment creditor's petition complied with UEFJA "in all respects," it became a final, appealable Texas judgment on date it was filed).[8]

---

[7] We acknowledge that Atlas LLC did not raise these arguments challenging Isidro's compliance with the UEFJA in the trial court. But because Isidro's failure to comply with the mandatory requirements of the UEFJA deprives this court of appellate jurisdiction, Atlas LLC may raise this argument at any time, including for the first time on appeal. *See Jack M. Sanders Family Ltd. P'ship v. Roger T. Fridholm Revocable, Living Tr.*, 434 S.W.3d 236, 240 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("A final judgment or other appealable interlocutory order is a prerequisite of this court's jurisdiction, and the question [of] whether appellate jurisdiction exists cannot be waived or settled by agreement of the parties.").

[8] *See also Res. Health Servs.*, 2007 WL 4200587, at *1–2 (dismissing judgment debtor's attempted appeal from proceeding under UEFJA for lack of appellate jurisdiction because judgment creditor failed to satisfy requirements of UEFJA and, therefore, there was no final Texas judgment and "no judgment in the trial court from which appeal may be taken").

## Conclusion

Based on all of the reasons above, and the record before us, we hold that there is not a final, enforceable Texas judgment in this case, as a matter of law, because Isidro failed to comply with the mandatory requirements of the UEFJA. As a result, we dismiss the appeal for lack of appellate jurisdiction.

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Guerra and Farris.

12