**Opinion issued April 30, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-24-00726-CV

———————————————

**LINDA JENSEN BRYS, Appellant**

**v.**

**CALVIN COBB, Appellee**

---

**On Appeal from 270th District Court**
**Harris County, Texas**
**Cause No. 2023-45693**

---

### MEMORANDUM OPINION

This appeal arises from an order declaring a foreign judgment void for lack of jurisdiction. Appellant, Linda Brys,[1] brought a claim against Calvin Cobb, a Texas citizen, in California asserting that he stole intimate photographs of her from her

---

[1] Brys was referred to as Jane Doe in the California proceeding.

California home and later posted the photographs on Twitter. The California court entered a default judgment against Cobb, and Brys brought a domestication action in Texas. The Texas trial court granted Cobb's motion for new trial and declared the California judgment void.

Brys appeals, arguing the trial court's judgment was erroneous on the merits. Our review of the record shows a more fundamental problem, namely that Cobb filed his motion for new trial over a year after the trial court's plenary power expired. Because the trial court was without jurisdiction to issue the complained-of orders, we vacate those orders and dismiss the appeal, leaving Brys's judgment intact and domesticated.

## Background

While Cobb was visiting Brys in California, he behaved under the influence of alcohol in a way that led Brys to lock herself in her bedroom. Brys's friend called the police, and Cobb continued to yell loudly and attempted to break down Brys's bedroom door. While Brys was speaking to the police on the phone, Cobb entered Brys's bedroom and removed intimate personal belongings, including her nude photographs, without her permission. After Cobb left Brys's home and went to a hotel, he texted Brys showing her what he had taken. He threatened to post Brys's nude photographs on social media platforms, including Twitter, the same platform

Brys used to market her business and provide "live" market calls for the energy sector.

About ten days later, while back in Texas, Cobb posted multiple derogatory statements about Brys and her nude photographs on Twitter without her consent. Multiple individuals liked, retweeted, and commented on Cobb's posts, increasing the dissemination of Brys's nude photographs. These events compromised Brys's various business activities through Twitter, and the posts have ruined Brys's career and reputation in the finance industry.

Brys sued Cobb in California, alleging that Cobb violated California's civil revenge porn law[2] by posting illegally obtained intimate photographs to Twitter. Because Cobb evaded service of process, the California court allowed substituted service via email. After service by email and multiple emails between Cobb and Brys's attorney, the parties mediated the case without success. Nonetheless, Cobb did not answer or make an appearance, and the California court entered a default judgment for $1,000,540.00 plus interest (the "California judgment").

Because Cobb is a Texas resident, Brys brought an action to domesticate the California judgment in Texas. Over a year later, Cobb moved for a new trial, challenging domestication. The trial court granted a new trial. Because it was unclear to Brys whether the trial court's grant of a new trial was the denial of full faith and

---

[2]     *See* CAL. CIV. CODE § 1708.85.

credit, Brys filed domestication documents a second time to remedy any potential procedural issues. Cobb responded by requesting the trial court to declare the California judgment void for lack of personal jurisdiction. The trial court signed a second order declaring the California judgment void. Brys appealed.

## Domestication and Enforcement of Foreign Judgment

Whether a trial court has jurisdiction to render a decision is a question of law subject to de novo review. *Tex. Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 388 (Tex. 2011); *Int'l Armament Corp. v. Stocker & Lancaster LLP,* 565 S.W.3d 823, 826 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

"[T]he United States Constitution requires that full faith and credit be given in each state to the public acts, records, and judicial proceedings of every other state." *Reading & Bates Constr. Co. v. Baker Energy Res. Corp.*, 976 S.W.2d 702, 712 (Tex. App.—Houston [1st Dist.] 1998, pet. denied); U.S. CONST. art. IV, § 1. "A valid judgment from one state is to be enforced in other states regardless of the laws or public policy of other states." *Reading & Bates Constr.*, 976 S.W.2d at 712. In Texas, the Uniform Enforcement of Foreign Judgments Act (UEFJA), codified in the Texas Civil Practice and Remedies Code, governs the domestication and enforcement of foreign judgments. *See* TEX. CIV. PRAC. & REM. CODE § 35.003–.008. Thus, when a judgment from another state is filed in Texas in compliance with

the UEFJA, it becomes enforceable as a Texas judgment. *Reading & Bates Constr.*, 976 S.W.2d at 712.

Under the UEFJA, the party seeking the enforcement of a foreign judgment has the initial burden to present a final and valid judgment on its face. *Mindis Metals, Inc. v. Oilfield Motor & Control, Inc.*, 132 S.W.3d 477, 484 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). A judgment creditor's proper filing of an authenticated copy of the foreign judgment presents a prima facie case for enforcement. TEX. CIV. PRAC. & REM. CODE § 35.003; *Tammy Tran Attorneys at Law, LLP v. Spark Funding, LLC*, 634 S.W.3d 311, 314 (Tex. App.—Houston [1st Dist.] 2021, pet. denied). The judgment debtor then bears the burden "to prove by clear and convincing evidence that the foreign judgment should not be given full faith and credit." *Tammy Tran Attorneys at Law*, 634 S.W.3d at 314. The judgment debtor may challenge the judgment using the same procedures and under the same timelines applicable to a Texas judgment. *Int'l Armament Corp.*, 565 S.W.3d at 826; TEX. CIV. PRAC. & REM. CODE § 35.003(c).

Under the UEFJA, the judgment creditor's filing consists of both the plaintiff's original petition and a final judgment. *Walnut Equip. Leasing Co., Inc. v. Wu*, 920 S.W.2d 285, 286 (Tex. 1996). Brys's filing complied with the UEFJA, and thus the California judgment became enforceable as a Texas judgment on the date it was filed, July 21, 2023. TEX. CIV. PRAC. & REM. CODE § 35.003(b), (c); *see Wu*,

5

920 S.W.2d at 286. Because the California judgment filed in Texas became a final, domesticated Texas judgment on July 21, 2023, absent a timely filed motion for new trial contesting its domestication, the trial court's plenary power expired thirty days later. *See* TEX. R. CIV. P. 306a(1), 329b(d).

Cobb's motion for new trial, filed over a year later, and his motion to clarify and declare the California judgment void, filed 14 months later, were untimely. *See* TEX. R. CIV. P. 329b(a), (f); *Wu*, 920 S.W.2d at 286; *see also Moncrief v. Harvey*, 805 S.W.2d 20, 23 (Tex. App.—Dallas 1991 no writ) (holding judgment debtor may contest recognition of foreign judgment "by filing a motion to contest it . . . thirty days after the filing of the judgment"). Consequently, the trial court's plenary power expired thirty days after the filing of the foreign judgment. *See* TEX. R. CIV. P. 306a(1), 329b(d). "Judicial action taken after the trial court's plenary power has expired is void." *Martin v. Tex. Dep't of Family & Protective Servs.*, 176 S.W.3d 390, 393 (Tex. App.—Houston [1st Dist.] 2004, no pet.). Because the trial court had lost its plenary power, the trial court lacked jurisdiction to rule on Cobb's motions. *See id.* at 392; *Malone v. Emmert Indus. Corp.*, 858 S.W.2d 547, 548 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (after trial court's plenary power expired, it had no jurisdiction when it signed order vacating foreign judgment). Thus, the trial court's orders granting Cobb's motion for new trial and Cobb's motion to clarify and declare void the California judgment are a nullity and have no effect. *See Moore*

6

*Landrey, L.L.P. v. Hirsch & Westheimer, P.C.*, 126 S.W.3d 536, 543 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *Wu*, 920 S.W.2d at 286. This leaves intact as the final judgment in this case the California judgment as an enforceable Texas judgment. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995); *Reading & Bates Constr.*, 976 S.W.2d at 712.

"[A]ppellate courts do not have jurisdiction to address the merits of appeals from void orders or judgments; rather, they have jurisdiction only to determine that the order or judgment underlying the appeal is void and make appropriate orders based on that determination." *Freedom Communications, Inc. v. Coronado,* 372 S.W.3d 621, 623 (Tex. 2012). Although a party affected by void orders need not appeal to set such void orders aside, because Brys appealed, we are authorized to declare void the trial court's August 26, 2024 order granting Cobb's motion for new trial and the trial court's November 11, 2024 order granting Cobb's motion to clarify and declare the California judgment void. *See Moore Landrey, L.L.P.*, 126 S.W.3d at 543. Accordingly, we declare void the trial court's post-plenary-power orders of August 26, 2024 and November 11, 2024 and dismiss the appeal.

### Conclusion

We conclude that the trial court did not have plenary power when it issued the challenged orders. Thus, the trial court's orders granting Cobb's motion for new trial and motion to clarify and void the California judgment are void. We vacate the trial

7

court's orders and dismiss the appeal, leaving in place the domesticated California judgment.[3]

Clint Morgan
Justice

Panel consists of Justices Rivas-Molloy, Guiney, and Morgan.

---

[3]    *Cf. O'Heeron v. Nutty Brown Enters., L.P.*, No. 01-24-00867-CV, 2025 WL 1829780, at \*3 & n.11 (Tex. App.—Houston [1st Dist.] July 3, 2025, no pet.) (mem. op.) (county court's judgment was void because plenary power over case had already expired in justice court when appeal to county court was filed).